edge of the transactions involved in this action. They now claim a large balance due their testator from the defendants, which they say will be exhibited and verified by the books of the firm, while the defendants claim a falsification of the same books by the deceased partner. Nothing can tend more to the elucidation and settlement of such controversy than an examination of the books themselves, and in the interest of justice the fullest latitude and scope should be allowed on such examination."

In such an action as this the court has also the power to order an inspection of books in another state. Manufacturing Co. v. Venner, 86 Hun, 42, 33 N. Y. Supp. 287.

Enough, I think, is shown in the moving papers to bring this case within general rules 14 and 15 of the court. The granting of such orders is largely discretionary, and such discretion should be liberally exercised to enable parties to properly prepare for trial. Hart v. Railroad Co., 69 Hun, 497, 23 N. Y. Supp. 713; Finlay v. Chapman, 119 N. Y. 404, 23 N. E. 740. The motions will therefore be granted to the extent indicated in this opinion, and the orders to be entered herein will be settled on two days' notice. Ten dollars costs to the plaintiffs.

Motions granted to extent indicated, with $10 costs to plaintiffs.

---

ACKMAN v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. DAMAGES—EVIDENCE—PLEADING.

Where the complaint alleges that plaintiff received a "wound at the right upper angle of the forehead; also a fracture of the skull, concussion of the brain, and a fracture of the nasal bone,"—he cannot introduce evidence of hysteric epilepsy, unless that condition resulted immediately and necessarily from those injuries.

2. SPECIAL DAMAGES.

Where it appears from the evidence that the hysteric epilepsy from which plaintiff suffered did not result immediately and necessarily from the injuries set out in his complaint, a motion to strike out the evidence of this condition on the ground that plaintiff has not pleaded it as a basis for special damages should be sustained.

Appeal from trial term, New York county.

Action by Morris Ackman against the Third Avenue Railroad Company for injuries sustained by plaintiff through the negligence of defendant. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, and INGRAHAM, JJ.

H. R. Limburger, for appellant.
Abraham Nelson, for respondent.

RUMSEY, J. The action was brought to recover damages for injuries sustained by the plaintiff because of the negligence of the defendant. The company alleged that he had received "a wound at the right upper angle of the forehead; also a fracture of the skull, concussion of the brain, and a fracture of the nasal bone; all of which gave him severe bodily pain, and shock to his physical and mental system, and that by reason thereof the plaintiff will be prevented from

attending to his usual business duties, and will be permanently disabled." A witness was produced by the plaintiff on the trial, who, having testified that he had had the plaintiff in charge from the time of his injuries, and had examined him at a certain time stated, was asked, "What condition did you find him in then?" to which he answered, "In a condition of hysteric epilepsy." When that answer was given, the defendant immediately moved to have it stricken out upon "the ground that it was not descriptive of any condition warranted by any symptom testified to; that it was not testimony as to any objective symptom which the plantiff had, on the ground that it was describing a condition which it was the province of the jury to determine." The motion was denied, and the defendant excepted. The defendant's counsel cross-examined the witness as to what caused a condition of hysteric epilepsy, and as to whether it was a necessary result of such an injury as the plaintiff had received, and from the cross-examination it was quite clear that hysteric epilepsy did not necessarily and immediately result from the injury. Upon that fact appearing, the defendant again made a motion to strike out the testimony upon the several grounds mentioned above, and upon the further ground that epilepsy was not pleaded. The court denied the motion, and the defendant excepted. The defendant requested the court to charge that the plaintiff could not recover anything for the condition of hysteric epilepsy, to which a refusal was given, and an exception taken to the refusal. The plaintiff had a verdict, and a motion for a new trial was denied, and this appeal brought.

We think that the court erred in refusing to strike out the evidence as to hysteric epilepsy, and that the question was properly raised by the defendant at the trial. The question asked of the expert witness who had examined the plaintiff was a proper question, and no objection would have lain to it. But the answer stating that he was suffering from hysteric epilepsy presented a condition which might or might not have been competent, according as to whether the pleadings were such as to warrant the reception of the evidence. If that condition resulted immediately and necessarily from the injury which the plaintiff had received, it was competent, although not set up in the complaint as an item of special damage; but, if it did not so result, it was incompetent, under the rule laid down in Kleiner v. Railroad Co., 162 N. Y. 193, 56 N. E. 497, and in the case of Geoghegan against the same defendant (recently decided, but not yet officially reported; Sup.) 64 N. Y. Supp. 630. Whether that condition was a necessary and immediate result of the shock the plaintiff had received was a proper subject for cross-examination of the witness upon the part of the defendant; and when, after such examination, it appeared that the disease did not immediately and necessarily result from the shock, it became apparent that the plaintiff was not entitled to prove the existence of that condition as a ground for special damages, unless he had pleaded it; and, if the defendant moved to strike out the proof of this damage as soon as it was ascertained that it was such as should have been pleaded, the motion was in time, and the question was properly presented to the court. Under the decisions above cited the evidence should not have been received, not having been pleaded; and,

as it was received, and as it was undoubtedly evidence of a serious condition, upon which the jury might act fixing their verdict, it must be assumed that it worked injury to the defendant, and for that error the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.