plaintiff was obstructed. If the plaintiff, in consequence of the con-
dition of the atmosphere, could not see a lighted car on a dark night,
it is difficult to see how the driver of the car could see a pedestrian
upon a dark street, and it is a curious circumstance that everybody
else saw the car except the plaintiff, although they were equally dis-
tant therefrom.

---

(58 App. Div. 87.)

### REED v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

1. MASTER AND SERVANT—WHEN RELATION EXISTS.

　　Plaintiff, proprietress of a school for children, owned and operated a
bus for taking the children to and fro between their homes and the
school. The horse used therewith and the driver were procured by her
from a livery stable keeper, she paying said keeper a certain amount
per month for them. *Held*, that the driver was, in the driving of the
bus, plaintiff's servant, so that his contributory negligence in a collision
with a street car was attributable to her.

2. STREET CARS—COLLISION WITH TEAM—CONTRIBUTORY NEGLIGENCE.

　　Where the uncontradicted testimony is that the street car which ran
into plaintiff's team was running at such a speed that it could not be
stopped in less than 12 feet, an instruction that plaintiff's driver was
not negligent in turning across the tracks from 10 to 15 feet from the
intersection of the side street, going at a slow trot, with the car in plain
sight, from 10 to 150 feet away, is error, as declaring that he was not
negligent, though he attempted to cross only 10 feet in front of the car.

Appeal from trial term, New York county.

Action by Julia A. Reed against the Metropolitan Street-Railway
Company. From a judgment on a verdict for plaintiff, and from an
order denying a motion for a new trial, defendant appeals. Re-
versed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN,
O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
Frederick E. Anderson, for respondent.

McLAUGHLIN, J. This action was brought to recover damages
for injuries to the plaintiff's person and property alleged to have
been caused by the negligence of the defendant. The plaintiff, at
the time she was injured, was the proprietress of a school for small
children,—the Reed Institute,—situated at 236 West 135th street, in
the city of New York. In connection with the school, the plaintiff,
according to the allegations of the complaint, "owned and operated a
bus or conveyance in her said business, for conveying said children
to and fro between their homes and said school aforesaid." On the
day of the accident, according to her usual custom, she had gone to
the residence of some of the children, and, having put them in the
bus, started to go to her school; and as she was crossing the tracks
of the defendant at 134th street and Lenox avenue a car of the de-
fendant collided with the bus, overturning it and injuring the plain-
tiff. The horse attached to the bus and the driver were procured by

her from a livery stable keeper, she paying a stipulated sum per month for them, including the storage of the bus.

At the close of the plaintiff's case, as well as at the close of the whole case, defendant moved for a dismissal of the complaint, which was denied, and an exception in each instance taken. We think the ruling was right. There was sufficient evidence to go to the jury on defendant's negligence, and, were it not for an error in the charge, we would have no difficulty in affirming the judgment. The case was submitted to the jury upon the theory that the plaintiff was not precluded, as a matter of law, from recovering by reason of the negligence of the driver, the court saying:

"I charge you, as a matter of law, that whatever negligence the driver may have been guilty of is not to be imputed to the plaintiff. Although this accident may have been in part the negligence of the driver, yet that fact will not preclude the plaintiff from her right of recovery for any acts of negligence; but that the defendant was guilty of negligence which was the proximate cause of the injury complained of."

An exception was taken by defendant's counsel to this portion of the charge, and in connection with it he requested that instructions be given to the effect that the driver of the bus was the plaintiff's servant, and any negligence on his part would be the negligence of the plaintiff. The request was denied, and an exception taken.

We are of the opinion that the exception to the charge, as well as the exception to the refusal to charge, were both well taken. The driver of the bus was the servant of the plaintiff. His negligence was attributable to her, and she could not recover without showing that he was free from negligence. The fact that the driver was in the general employ of the livery stable keeper, and was by him paid, did not, in law, affect the plaintiff's relation to him when he was driving the bus. At that time he not only represented her, but was under her control. She directed him when and where to go. It was her work that he was doing, and, had he refused to do it in the manner she directed, she could have discharged him. He was her servant, and she was his master. Higgins v. Telegraph Co., 156 N. Y. 75, 50 N. E. 500; Wyllie v. Palmer, 137 N. Y. 248, 33 N. E. 381, 19 L. R. A. 285; Hallett v. Railroad Co., 42 App. Div. 123, 58 N. Y. Supp. 943. "He is," says Shear. & R. Neg. (4th Ed.) 269, "to be deemed the master who has the supreme choice, control, and direction of the servant, and whose will the servant represents, not merely in the ultimate result of his work, but in all its details." In Higgins v. Telegraph Co., supra, the court says:

"The true test in such cases is to ascertain who directs the movement of the person committing the injury." And: "The fact that the party to whose wrongful or negligent act an injury may be traced was at the time in the general employment and pay of another does not necessarily make the latter the master, and responsible for his acts. The master is the person in whose business he is engaged at the time, and who has the right to control and direct his conduct." Wyllie v. Palmer, supra.

The case, in principle, is much like Higgins v. Telegraph Co., supra. There the plaintiff was the servant of a contractor who had engaged to reconstruct or repair a building for the defendant. The work contracted to be done included the putting in of certain ele

vators, which at the time of the accident had been placed in the building, but had not been accepted by the defendant. The defendant, however, at certain times during the day used the elevator for the transportation of passengers, and for that purpose had a servant of its own, who operated it. On the day the plaintiff was injured, the contractor, for the purpose of plastering the sides of the elevator shaft, used the elevator as a temporary platform, upon which the plaintiff stood while doing his work. The defendant's servant was directed by the contractor to move the elevator while the plaintiff was standing upon it, and in so doing the plaintiff was injured. The court held that the defendant was not liable; that the person operating the elevator was at the time the servant of the contractor, and not of the defendant; that the contractor had the right to use the elevator, and for that purpose could have employed his own servant to have operated it, but that, instead of doing so, he borrowed the defendant's servant, who for the time being became the servant of the contractor, and was subject to his orders. Wyllie v. Palmer, supra, is also in point. There the defendants sold and shipped to the chairman of a committee of citizens of the city of Auburn some fireworks for a Fourth of July celebration, and, at the request of the chairman of the committee, defendants sent one of their servants, with a boy, to assist in handling the larger pieces. The boy was directed to discharge some rockets, and in doing so one of the plaintiffs was injured. The court held that a recovery could not be sustained, because the defendants contracted, not to give an exhibition, but simply to sell and deliver goods, and the fact that the two persons in their general employ assisted, by their direction, in giving the exhibition, did not change their relation to the transaction or make them liable, and that such employés were not, as to the exhibition, engaged in defendants' business, or under their direction or control. The fact that the livery stable keeper paid the driver of the bus did not alter or change in any respect his relation to the plaintiff while he was driving the bus. "The payment," says Shear. & R. Neg. (4th Ed.) p. 269, "by the day, or the control and supervision of the work by the employer, though important considerations, are not in themselves decisive of the fact that the two are master and servant. * * * Servants who are employed and paid by one person may nevertheless be, ad hoc, the servants of another in a particular transaction, and that, too, even where their general employer is interested in the work."

We are of the opinion, therefore, applying the principle laid down in the foregoing authorities to the facts presented in this record, that the court erred in charging the jury, as a matter of law, "that whatever negligence the driver may have been guilty of is not to be imputed to the plaintiff." On the contrary, the court should have instructed them in this connection as requested by the defendant's counsel.

We are also of the opinion that the court erred in charging, at the request of plaintiff's counsel, the following proposition:

"That it was not negligence on the part of the driver of the bus in question to turn across the tracks of the defendant, if the jury shall find that he

turned across the tracks from ten to fifteen feet from the intersection of the side street, with his horse on a slow trot, and the car in plain sight, from ten to one hundred and fifty feet away, both in plain view of each other."

The uncontradicted evidence is that the car was running at half speed, and while running at that speed it could not be stopped in less than 12 feet. The effect of the charge, therefore, was to permit the jury to find that the driver of the bus exercised due care if he attempted to cross only 10 feet in front of the car, and that the motorman was negligent because he did not do what was impossible for him to do, viz. stop the car and prevent the collision.

The judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and INGRAHAM, J., concur.

O'BRIEN, J. I do not think it can be held, as matter of law, that the driver was plaintiff's servant. Were it not for the allegation in the complaint that "the plaintiff owned and operated the bus," I should dissent. On that ground I concur in result.

HATCH, J., concurs.