of the commissioners appealed from should be reversed, with costs to the appellants to abide event, and a rehearing ordered before other commissioners. All concur.

(63 App. Div. 607.)

## JONES v. NIAGARA JUNCTION RY. CO.

(Supreme Court, Appellate Division, Fourth Department.   July 23, 1901.)

1. RAILROADS—NEGLIGENCE—PERSON WORKING ABOUT CARS—INJURY.

Where plaintiff, an employé of a master to which a switch track had been furnished on which cars were placed to be loaded, was injured by a collision between the engine of defendant and a car which plaintiff was loading, and there was no doubt that it was defendant's engine which was at work on the track at the time the collision occurred between the engine and the car, such evidence was sufficient to connect defendant with the accident.

2. SAME—PARTICULAR INJURIES—EVIDENCE—OBJECTION—WAIVER.

In an action for injuries to a person while loading a railroad car, the complaint charged that plaintiff was injured in his back, sides, shoulder, spinal column, and spinal cord. At the trial, evidence of loss of sexual power, not alleged, was admitted without objection, and thereafter defendant's motion to strike out the testimony on that ground was denied, but, in charging the jury, the court directed that they should allow no damages by reason of such injury. Held that, the evidence being competent and admissible, if the fact had been alleged, and such nonallegation being the only objection thereto, the ruling of the court was proper.

3. SAME.

Where, in an action for injuries, the damages claimed were for injuries sustained to plaintiff's back, etc., internally, shock to his system, spinal column, and spinal cord, but there was no allegation of loss of sexual power, evidence of such loss was not admissible for the purpose of proving a symptom indicating the extent of the injury to plaintiff's back.

4. SAME.

Where evidence, in an action for injuries, was subject to no objection, except that it was inadmissible under the pleadings as they stood, and the evidence was admitted without objection, it was not error for the court to overrule a proper objection to the evidence of another witness tending to prove the same fact, since the mere additional statement by another witness of a fact admitted without objection was immaterial.

5. SAME—EXPERT EVIDENCE—PHYSICAL EXAMINATION.

Where, in an action for injuries, expert witnesses testified as to the result of their physical examination of the plaintiff, evidence as to what took place at such examination, including the natural expressions of pain or inability to do things, was competent, though it might amount in fact to unsworn statements of the plaintiff, made at the time of the examination, and expressions of feigned injuries; the weight to be given to such testimony being for the jury.

6. SAME—TRIAL—ARGUMENT OF COUNSEL—MISCONDUCT—APPEAL.

Where there is nothing in the appeal record to show what was said by counsel in argument to which objections were taken, it will be presumed that no injustice resulted therefrom.

7. SAME—DAMAGES—EXCESSIVENESS.

Where a person injured by reason of a railroad's negligence was not a skilled laborer, and had no trade, and at the time of his injuries was 40 years of age, and was able to earn $25 per month when working by the month, or $1.50 per day, the fact that he was permanently injured, so as to deprive him from ability to labor in the future, did not justify a verdict of $8,000, and such verdict should be reduced to $5,000.

Appeal from trial term, Niagara county.

'Action by William J. Jones against the Niagara Junction Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Morris Cohn, Jr., for appellant.

P. F. King, for respondent.

RUMSEY, J. The action was brought to recover damages suffered by the plaintiff because of the defendant's negligence. The buildings of the Union Carbide Works were situated near the tracks of the defendant, and one track was laid close in front of the works, so that material could be loaded directly from the buildings into the railroad cars. The plaintiff was in the employ of the Carbide Company, and on the day of the accident was engaged in wheeling carbide in a wheelbarrow over a plank extending from one of the buildings into a car upon the track. While the plaintiff was at this work, and was passing on the plank to the car, an engine of the defendant's backed against it, the car was jostled so that the plaintiff was thrown from the plank, and he fell, striking his back across a wooden horse which was standing beneath him. The plaintiff had a verdict for $8,000. A motion for a new trial was made and denied, and judgment was entered, and from the judgment so entered, and from the order denying the new trial, this appeal is taken.

The first objection is that there was not sufficient evidence to prove that the defendant was connected with the accident. There is no doubt but that it was the defendant's engine which was at work there at that time, and that it was the collision between that engine and the car which was the immediate cause of the accident. That was clearly sufficient evidence to warrant the submission of the question of the defendant's responsibility to the jury and to sustain their conclusion in that regard.

The next objection is that improper testimony was admitted. The allegation of the complaint was that the plaintiff was "injured in his back, sides, shoulder, and internally, shocking his system, and wrenching and straining his body, injuring his spinal column and spinal cord, then and there causing him great pain and suffering, which still continues, and causing the plaintiff to take to his bed, and preventing him from following his usual occupation." While upon the stand, evidence was given by the plaintiff, without objection, to the effect that he could not laugh, that he could not talk without pain, that he was constipated, that his bowels were not right, and that he was unable to perform any sexual act. This evidence was given in response to questions addressed to the particular fact, and was not objected to by the defendant, nor was there any dispute that these conditions existed. Afterwards, the plaintiff's wife was put upon the stand, and was asked whether the plaintiff had had any sexual intercourse with her since the accident. That question was objected to upon the ground that it was incompetent, immaterial, and not within the pleadings. That objection was overruled, and the defendant excepted. The defend-

ant afterwards moved to strike out the testimony in that regard, and that motion was also denied. When the court came to charge the jury, the defendant asked that they be charged to disregard the evidence given by the plaintiff as to his inability to talk and laugh and as to his loss of sexual power, which the court refused to do. The court was then requested to charge the jury that, as the evidence stood, there was no evidence showing that the plaintiff had sustained any loss of sexual power, which the court also refused. He was then asked to charge the jury that they were not to allow any sum whatever as damages by reason of any claim of loss of sexual power on the part of the plaintiff, and to this request the court acceded, and directed the jury that there was no claim made by the plaintiff in that regard; his only claim being that his loss of sexual power was a symptom or evidence that he had in fact received the injury for which he did claim damages. He was further asked to charge that the jury were to allow damages for only so much of his injury as this was a symptom of, and not for the symptom itself, and in response the court charged that they were not to allow any damages for the loss of sexual power.

In all of these rulings we are of the opinion that no error was committed. It is quite true that under the pleadings no claim was made for damages because of the loss of sexual power, and it would have been improper to allow any damages to the plaintiff in that respect. Geoghegan v. Railroad Co., 51 App. Div. 369, 64 N. Y. Supp. 630. But they were expressly told that they could not allow any damages on that account, and, so far as that ruling was concerned, no objection was made to it, and it was manifestly proper. The only way the question is raised is by the objection taken to the ruling permitting the plaintiff's wife to testify to the fact of the loss of sexual power. The plaintiff claims that this evidence was competent as proof of a symptom indicating the extent of the injury to the plaintiff's back. We do not agree with that contention, and if the proper objection had been made to the reception of the evidence in the first instance, that it was incompetent under the pleadings, we are inclined to think that it could not properly have been received for the purpose for which the plaintiff offered it. But no proper objection was made to it. The attention of the defendant to the proposal to offer evidence of that nature was drawn to it expressly by the question. The evidence was not incompetent, and was only inadmissible because the plaintiff had not thought to include any allegation of that kind in his pleading. If, when the question was first asked of the plaintiff, the objection had been taken, as it might have been, that the evidence was not admissible because damages of that nature had not been alleged in the complaint, it would have been proper to exclude it, and the plaintiff would have been at liberty to apply for an amendment to the complaint to include such an allegation, and it would undoubtedly have been granted, either with or without conditions. But the defendant did not see fit to raise any such question. It was willing to take the chances of an answer by the plaintiff to that question, relying upon what it supposed to be the fact, that he had suffered no

loss of power, without asserting its undoubted right to have the evidence excluded because it was not within the pleadings. That was the only ground upon which the evidence could have been excluded, because it was otherwise competent and material; and in fact, if the defendant had objected to it merely upon the ground that it was incompetent, and had not expressly stated the objection that it was incompetent under the pleadings, the motion to strike it out could not have been granted. Voorhees v. Burchard, 55 N. Y. 98. Therefore the evidence was properly in the case by the defendant's own permission, upon the examination of the plaintiff himself, and was proper to be considered by the jury. It was uncontradicted. The fact that by another witness testimony to the like effect was given, although then objected to for a proper reason, does not relieve the situation, because there was then no dispute about the fact, and the mere additional statement of it was of no importance; for the jury were bound to consider it upon the testimony of the plaintiff, which had not been objected to. If the evidence had been of itself incompetent, or such that under no circumstances it would have been admissible, then there is no doubt that, although it had been received without objection, the defendant would have been entitled upon his request to have the jury instructed to disregard it. Hamilton v. Railroad Co., 51 N. Y. 100. But that is not the case here. The evidence was competent, and was only inadmissible because of the failure of the plaintiff to allege the fact in his pleadings, which, if asked, the court might have allowed to be amended; and, therefore, as the evidence of the plaintiff had been admitted without any objection, it was within the discretion of the court to grant or refuse the subsequent motion to strike it out. Darling v. Klock, 33 App. Div. 270, 53 N. Y. Supp. 593. As the court did not see fit to exercise its discretion to strike it out, it would not have been proper to instruct the jury to disregard it, because it was in the case, and the plaintiff was entitled to have it regarded as tending to prove the fact that he had received the injury complained of; and, when they were instructed that they should not give damages on that account, the defendant had received all that it was entitled to.

The expert witnesses, after stating the result of their physical examination of the plaintiff, testified that when he was touched they found marked tenderness at certain spots where it was claimed that he was injured. It was proved that at the time of the examination the plaintiff had complained of passing blood through the mouth. They testified as to certain indications of suffering shown by the plaintiff during the examination, such as changes of the features as the pain became worse, the fact that he could not take off or put on his coat, and the absence of any indication that he was feigning pain. It is claimed that this testimony was incompetent, because it amounted in fact to the unsworn statements of the plaintiff made at the time of the examination. It does not need the citation of authorities to show that evidence as to what takes place upon the medical examination of a party as to the injuries which he has received, so far as they are the natural expression of

pain or inability to do certain things, are competent. That was all this testimony tended to show. It is quite true that to a certain extent these expressions may be feigned, but it is for the jury to say, upon the testimony in the case, whether they are the usual actions of one who is expressing involuntarily the sensation that he feels, and so far as they are simply that they are competent, and their admission does not violate any well-settled rule.

Complaint was made that injustice resulted to the defendant because of the remarks of counsel in summing up the case. There is nothing to show what was said by the counsel to which the objections were taken, and therefore there is no reason to suppose that any injustice resulted. The presumption must be the other way.

It is claimed that the verdict is grossly excessive, and we are inclined to think that this point is well taken. It appears that the plaintiff is a man of about 40 years of age. He is not a skilled laborer, and has no trade. He was able to earn $25 a month at the time of the accident, when working by the month, and $1.50 a day. He had at one time done teaming, when he earned $3.50 a day, but that included compensation for the use of the team as well. There was nothing to show that at his age there was any likelihood of his ever earning more than he did at the time he was hurt. He was at the maximum of his physical powers, and it is very likely that his earning powers would have diminished instead of increasing. The interest on the verdict for $8,000 would amount to considerably more than he would ever be likely to earn in any one year, and very much more than his net wages. We think, in view of all the circumstances of the case, and the fact that he can only recover for the injuries set up in his complaint, that the jury awarded him more than he ought to have received, and that the verdict should be reduced. In our judgment, $5,000 would have been ample to compensate him for the injuries which he received and for which he claimed damages, and if the recovery should be fixed at that sum we think that substantial justice will be done.

The judgment and order should therefore be reversed because of the excessive damages, with costs to appellant to abide event, unless the plaintiff stipulates to reduce the amount of the judgment so that it shall be entered for $5,000 as of the date when it was rendered; and, if that stipulation be filed, the judgment and order should be affirmed, without costs to either party in this court. All concur.