## LEWIN v. LEHIGH VAL. R. CO.

(Supreme Court, Appellate Division, Fourth Department.   November 19, 1901.)

1. TRIAL—REASSESSMENT OF DAMAGES—EVIDENCE—VARIANCE.

A verdict was directed for defendant, and exceptions ordered heard first at the appellate division.  The exceptions were sustained, and defendant appealed to the court of appeals, under a stipulation that, if the order was affirmed, judgment absolute should be rendered against him. The order was affirmed, and assessment of damages had at the trial term with a jury.  *Held*, that the stipulation was given on the assumption that damages would be confined within the compass of the complaint, and, where there is a variance between the complaint and the evidence, a new trial should be granted.

2. SAME—PERSONAL INJURIES—NEW TRIAL.

A complaint in an action for injuries alleged that the bones of plaintiff's face and body had been fractured, and her head, body, arms, and limbs bruised and permanently injured.  Evidence was received that she had been rendered barren, and that her sight had been impaired.  She was very seriously injured, and her face badly disfigured.  The court instructed the jury to disregard the evidence as to the barrenness and the injury to the eye.  *Held*, where the manifest injuries were supplemented by others fully as serious, but not pleaded, the verdict would be set aside; the caution of the court not being sufficient to destroy the effect produced by the testimony.

Appeal from trial term, Monroe county.

Action by Augusta Lewin against the Lehigh Valley Railroad Company.  From an order refusing to set aside the assessment of damages had in pursuance of a stipulation on the affirmance of a judgment in favor of plaintiff, defendant appeals.  Reversed.

This action was brought to recover damages for injuries caused by the defendant.  A verdict was directed in favor of the defendant at the close of all the evidence, and the plaintiff's exceptions were ordered heard in the first instance at the appellate division.  The plaintiff's exceptions were sustained, and a new trial ordered by this court.  58 N. Y. Supp. 113.  The defendant appealed from said order of the appellate division to the court of appeals, and stipulated that, if the order was affirmed, judgment absolute should be rendered against the said appellant.  The order was affirmed in the court of appeals, and an assessment of damages was thereupon had at a trial term of the supreme court, with a jury, resulting in a verdict for the plaintiff of $10,000.  A motion was then made at said term to set aside the verdict and inquest on the stenographer's minutes on the ground that the verdict was excessive, and that errors were committed during the trial.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

George Yeoman, for appellant.

Thomas Raines, for respondent.

SPRING, J.  There is no special Code provision for reviewing the assessment of damages made by a jury in cases of this kind. That a motion may be made to set aside the inquest was settled in Bossout v. Railroad Co., 131 N. Y. 37, 29 N. E. 753, but the mode of procedure was not outlined.  In Yaw v. Whitmore (decided by this appellate division at the present term) 72 N. Y. Supp. 765, the practice suggested, after an extended discussion of the whole matter, was like that adopted in this case.  The hearing before the jury

72 N.Y.S.—56

was not a trial, in the ordinary acceptation of that term. It was only until very recently, by an amendment to section 3251 of the Code of Civil Procedure, that a trial fee was allowable upon the assessment of damages. Chapter 527, Laws 1901. The proceeding is more liberal and free from strict legal rules than upon a trial, and is somewhat akin to the various proceedings to ascertain the damages to real estate by means of a commission. While a motion for a new trial may be entertained by the trial judge, and an appeal taken from his order, the motion is "addressed largely to the discretion of the court in which the proceeding takes place, and, when refused as not tending to the ends of justice, a judgment taken upon the inquisition does not become one which is reviewable by the court upon legal grounds." Bossout v. Railroad Co., 131 N. Y. 41, 29 N. E. 754; Bassett v. French, 155 N. Y. 46, 49 N. E. 325.

In the present case the complaint, after describing the accident, continues with allegations descriptive of the injuries inflicted upon the plaintiff, as follows:

"Fracturing the bones of her face and body, and bruising, hurting, wounding the plaintiff about her head, body, arms, and limbs, whereby the life of this plaintiff was greatly endangered; that her health has been greatly and permanently impaired; and her body greatly and permanently injured."

Upon the trial evidence was received pertaining to several distinct items of claimed results from these injuries, which was objected to by the defendant's counsel on the ground that they were not within the averments of the complaint. The plaintiff was a married woman, 26 years of age and in vigorous health at the time of the infliction of the injuries, and the mother of two children, and pregnant when injured. Proof was admitted on her behalf to show that as a result of the injuries she became barren; again, that her womb was displaced and lacerated; that there was a disturbance of the nerve center at the base of the brain which regulates or affects the distribution of the blood; that her sight was affected; that her nervous system was impaired by the severity of the shock, and she suffered from inability to sleep. Proof was given connecting in some degr these various injuries with the accident, and their severity and permanency were also proven. The claim now is that none of these injuries are within the scope of the complaint.

In Kleiner v. Railroad Co., 162 N. Y. 193, 56 N. E. 497, the complaint alleged:

"Whereby the plaintiff received severe and painful contusions to her head and body and arms, and lacerated her scalp, and whereby she sustained severe nervous shock and concussion of the brain, and injured her eyesight, and she was for a time rendered unconscious, and she thereby sustained permanent injuries, and was injured for life, all to her damages."

On the trial the plaintiff was allowed to show "that her heart was affected, that the dorsal muscle on the right side was paralyzed, and that she had trouble with her menstruation, suffered from vertigo, and had a curvature of the spine." The court adopted the rule (page 200, 162 N. Y., and page 498, 56 N. E.) that:

"When a plaintiff alleges that his person has been injured, and proves the allegation, the law implies damages, and he may recover such as necessarily and immediately flow from the injury. * * * He must allege the special damages which he seeks to recover." And again: "Special damages which are the natural, but not necessary, result of the injury complained of, must be specifically alleged."

The court later on in its opinion, at page 201, 162 N. Y., and page 499, 56 N. E., discussed somewhat fully the admissibility of evidence of this kind under a general allegation, saying:

"That she sustained a severe nervous shock was averred, so that the precise question presented here is whether the allegation in the complaint that she sustained a severe nervous shock was sufficient to justify her in proving that the result of that shock was to produce heart disease, vertigo, curvature of the spine, and the other diseases from which she was shown to have been suffering. While in this case it was unnecessary to allege specific damages that did not necessarily and immediately flow from the injury, they should have been alleged. The proof in this case does not show that the diseases mentioned necessarily and immediately flowed from a severe nervous shock. The obvious reason for the rule requiring special allegations of special damages is to apprise a defendant of any injury claimed to have been sustained which did not necessarily arise from the accident, so as to enable the party to prepare to properly litigate the question upon the trial, or at least to ascertain the facts as far as possible."

In Geoghegan v. Railroad Co., 51 App. Div. 369, 64 N. Y. Supp. 630, the substance of the allegations in the complaint is given as follows:

"The plaintiff had sustained severe wounds and bruises to his head, right hip, left arm, back, and other parts of his body; that his spine had been injured, and that his brain had been injured; and that he had been informed and believed that thereby he had sustained other severe internal injuries."

The plaintiff was permitted, under objection, to show an injury to her eye. A new trial was granted for this error, the court following the case cited. The court, in its opinion, at page 371, 51 App. Div., and page 631, 64 N. Y. Supp., uses this language:

"It is clear that these injuries to the eye which were claimed to be established by the evidence in this case were not the necessary result of any of the injuries described in the complaint. Certainly the head could be injured without the eye being affected, and the brain might be injured without the eyes being implicated; and these are the only allegations to which this injury to the eye could be referred. Under the rule suggested, it was necessary, if the plaintiff sought to recover for these special and not inevitable results of the injury, to allege them as special damages. This rule of pleading gives a clear and unmistakable guide to the court in the admission of proof, and to the defendant in his preparation for trial. Injuries which inevitably result from those described in the complaint, and which the defendant must know from the allegations of the complaint had been suffered, may be recovered for under the general allegations. But, where the injury is of a character which does not necessarily result from that described in the complaint, then the defendant has no reason to expect proof of any such unsuspected injury upon the trial."

In Ackman v. Railroad Co., 52 App. Div. 483, 65 N. Y. Supp. 97, under similar general allegations the plaintiff was allowed to prove that he was suffering from hysteroepilepsy; and the reception of the evidence was held reversible error, as it did not appear that the condition resulted "immediately and necessarily" from the injury received. In the present case the injured condition of the

womb was not discovered until long after the accident, and the inability to procreate and the injury to the eye did not appear to be the "immediate and necessary" results of the injuries alleged. All these conditions hereinbefore mentioned may have been their natural results; but there is nothing in the allegations of the complaint to enable the defendant to apprehend that any such additions were to be made to injuries confessedly very severe and lasting.

There is certainly as much reason for adhering rigidly to this rule in a case of the assessment of damages after an affirmance, where a stipulation has been given that judgment absolute is to follow the affirmance, as upon an ordinary trial. The stipulation is given upon the assumption that damages will be confined fairly within the compass of the complaint. If the injuries alleged are to be augmented by others of a grave character, the existence of which the defendant can have no intimation of from the pleading, there would be no safety in appealing from the decision of the appellate division reversing a nonsuit, or the direction of a verdict for the defendant.

At the conclusion of his main charge, upon the request of the defendant the trial court instructed the jury that no recovery could be had by reason of the sterility of the plaintiff or the injury to the eye. We fear this caution on the part of the court may not have destroyed the effect produced by the introduction of the testimony which was given at considerable length on the trial, and was the subject of comment and discussion over its reception, and the attention of the jury was thus pointedly directed to it. The plaintiff was very · seriously injured. Her face was badly disfigured and scarred, and its appearance would necessarily arouse the sympathy of the jurors for her unfortunate condition. When these manifest injuries were supplemented by proof of others fully as serious which were not visible, we cannot say that the latter did· not enter to a considerable extent into the assessment made by the jury, and on that account we are constrained to order a reassessment. Ordinarily we are disposed to accord to the plaintiff in an action of this kind an option to accept a reduction of the verdict to a fixed sum. The alleged injuries in this case, however, are principally upon the face of the plaintiff, and observable to the jury. They are of a serious character. The forbidden elements which may have been considered by the jury upon the present assessment are important. Upon the whole, therefore, we deem it just to both parties to direct another assessment, unhampered by any privilege to the plaintiff to accept a lower sum than that evidenced by the verdict of the jury. The order should be set aside, and a motion for reassessment of damages granted, with $10 costs and the disbursements of this appeal to the appellant, to be deducted from any recovery had.

The order is set aside, and the motion for another assessment of damages is granted, with $10 costs and the disbursements of this appeal to the appellant, to be deducted from any recovery had in the action. All concur.