admission. The good faith and innocence of the defendant was conceded by the witnesses of the plaintiff, and where the whole case depends upon an admission which is·unsupported by any surrounding circumstances, and is testified to by a party who is seeking evidence, it seems to us that the question as to whether such admission had been made was one for the jury. It must be borne in mind that admissions are the most unreliable kind of evidence,. and that the interpolation of the words "as butter" would make all the difference between an admission by the defendant of having done an act which he had a right to do, and an admission of doing an act which brought him within the prohibition of the law.

Judgment and order should therefore be reversed, and a new trial. ordered, with costs to appellant to abide event. All concur.

---

(69 App. Div. 103.)

### REED v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. PERSONAL INJURIES—COMPLAINT—NATURE OF INJURIES—EVIDENCE.
   Where a complaint in an action for personal injuries alleged that plaintiff was generally bruised, battered, and injured, from the top of her head to the soles of her feet, and that her nervous system was permanently and severely shocked and impaired, evidence that plaintiff suffered from mental paresis, muscular paralysis, and trouble with the stomach, liver, arteries, and other internal organs, was not admissible.

2. SAME—CUMULATIVE EVIDENCE.
   Plaintiff testified concerning the personal injuries which she received, and as to intestinal and liver difficulties resulting therefrom; and her physician testified to the derangement of her digestive tract, the condition of her lungs and heart, and that he prescribed for neurasthenia. Some of this evidence was inadmissible under the allegations of the complaint, but was not objected to. *Held*, that further evidence concerning plaintiff's neurasthenic condition, and of the existence of paresis, paralysis, and disease of the liver, was not cumulative of the incompetent evidence admitted without objection, and its admission was error, as being outside the issues.

Appeal from trial term, New York county.

Action by Julia A. Reed against the Metropolitan Street Railway Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

Charles F. Brown, for appellant.
William R. Wilder, for respondent.

HATCH, J. This action is brought to recover damages alleged to have been sustained by the plaintiff on account of the negligence of the defendant. Upon a former trial, judgment was recovered by the plaintiff, which upon appeal was reversed by this court for error committed in the court's charge to the jury. 58 App. Div. 87, 68 N. Y. Supp. 539. The appellant's contention upon this appeal is that the plaintiff was permitted, under objection and exception of the

defendant, to prove special damages not specifically pleaded. It is clear that the averments of the complaint were not sufficiently specific upon the question of damages to admit the proof which was the subject of objection and exception by the defendant. A bill of particulars was served by the plaintiff, and it is her contention that the specification of damage contained therein was sufficient to authorize the proof which was received upon this subject. The bill of particulars states that the plaintiff was very generally bruised, battered, and injured, from the top of her head to the soles of her feet; "that the 'respect' in which her 'nervous system is severely and permanently shocked and impaired' may be best described by the fact that, whereas the accident happened three months ago, plaintiff's nerves and nervous system are still in such a state that both during her sleeping and waking moments there comes frequently before her the image or picture of defendant's trolley car dashing into and colliding with the bus in which she was seated; and the terror and fright thus occasioned, and continually recurring, unnerves and unfits this plaintiff for her duties, and for the proper and usual discharge of ordinary acts and functions." And further it was stated that she "injured the entire left side of her head, and more particularly that portion of it back of the frontal bone and over the ear; that the entire left side of her head has caused her pain." The bill further states that she had concussions and contusions on her back, shoulders, and hips, with "black and blue spots," and that she is informed by her physician, and is forced to believe, that she will never be the same, as to her physical and nervous system, as she was before the injury. The evidence which was offered and received, and to which the defendant objected and excepted, tended to show that the plaintiff suffered from mental paresis, muscular paralysis, and trouble with the stomach, liver, arteries, and other internal organs. The evidence is sought to be justified by the respondent mainly upon the ground that the statement in the bill of particulars that her nervous system and nerves had been permanently shocked and impaired covered the physical conditions to which both the plaintiff and her physicians testified, and that, taken in connection with the other description of the injuries sustained, sufficiently notified the defendant of all the injuries and physical ailments of which proof was given, and that the testimony was therefore competent.

The law is reasonably well settled upon this subject. In Kleiner v. Railroad Co., 162 N. Y. 193, 56 N. E. 497, it was held that an averment in the complaint that plaintiff received severe and painful contusions to her head and body and arms, and lacerated her scalp, whereby she sustained severe nervous shock, concussion of the brain, injured her eyesight, and was for a time rendered unconscious, did not justify proof that the result of the shock was to produce heart disease, vertigo, curvature of the spine, and other diseases. The averment in that case was quite as broad respecting physical and nervous injuries as is the statement contained in the present bill of particulars. It may be that more words are used to describe the injury and the nervous difficulty from which the plaintiff suffered than appeared in the complaint in the case we have cited; but they do not

enlarge in scope the injuries which the complaint averred, and it seems clear that mental paresis, muscular paralysis, and trouble with the stomach and liver are as foreign to what is suggested by the bill of particulars as were heart disease, vertigo, and curvature of the spine, which were the subject of proof in the case we have cited. They do not naturally arise out of such an averment, nor are they such injuries as necessarily and immediately flow from the injury of which complaint is made, and under such circumstances the averment is held to be not sufficiently specific to admit such proof. Gumb v. Railroad Co., 114 N. Y. 411, 21 N. E. 993. Within the rule of these cases, therefore, this testimony seems to be incompetent.

Respondent, however, contends that, even though this be the rule, yet, the defendant not having objected promptly when the testimony was first offered, it was properly in the case, and therefore for consideration by the jury; that testimony upon the same subject was merely cumulative, and it was not error to receive it, even though it might have been excluded had objection thereto, upon the proper ground, been urged in the first instance. It is undoubtedly a rule of law that evidence which is not inherently incompetent, and is only rendered so by reason of failure to plead, or for some other reason, may be considered by the jury, when received without objection, and a verdict may be based thereon. In the present case the plaintiff, without objection, had testified to some extent concerning the injuries she received, and physical conditions from which she suffered after and intermediate the time of the reception of the injuries and the trial. This testimony related to her suffering from indigestion, and of treatment for intestinal and liver trouble. Dr. Dobie also testified that he treated her for general derangement of her digestive tract, and that the impairing of her nervous system has an effect upon the digestive tract, and was a direct natural consequence. He further testified to the condition of plaintiff's lungs and heart, to the tenderness on the frontal and parietal bones on the left side of the head, and that he prescribed for a neurasthenic condition. All of this testimony was before the jury without objection that it was not permissible under the complaint and bill of particulars. The physician was then questioned concerning her neurasthenic condition, and as to how many times he had treated her; and defendant objected upon the ground that such damages were not averred in the bill of particulars, and this objection was thereafter interposed to all of the evidence bearing upon such subject; and over such objection the physician testified to a condition of paresis, paralysis, liver trouble, and impairment of the intestinal tract. Some of the evidence which was given without objection was undoubtedly incompetent, but it was properly in the case, and there was no motion to strike it out, nor request for the court to charge that the jury disregard it. Consequently no error could be predicated thereon. The respondent, in support of her contention that the improper evidence objected to was merely cumulative of what had been received, and that error could not be predicated on its reception, in view of the testimony already in the case upon the same subject without objection, relies upon Jones v. Railroad Co., 63 App. Div. 607, 71 N. Y.

Supp. 647. Some of the language used in that case tends to support her contention, but when the case is carefully analyzed it will be seen that this is only apparently so. Improper testimony was received in that case without objection. The ground of its infirmity was the same there as in the present case. Subsequently a witness was called to corroborate the plaintiff in respect to the special damages which he had sustained. Objection was then made upon the proper ground, which was overruled by the court, and an exception was taken. The defendant afterward moved to strike out the testimony in that regard, and the motion was denied. The court was subsequently requested to charge that the jury were not authorized to allow any sum whatever as damages by reason of the special damage which the improper evidence sought to establish. The court held that the cumulative evidence was properly received, not for the purpose of establishing the right to recover for the special damages sought to be established, but as tending to prove the fact that the plaintiff had received the injury of which he complained, and that the right of the defendant was sufficiently protected by instructing the jury not to give damages upon that account, or consider it for such purpose. The case, therefore, came to rest upon the ground that error in admitting the testimony was cured by the charge limiting it to the specific purpose, viz., the fact that plaintiff received the injury of which he made complaint, and for no other purpose. The court did not pass upon what would have been the effect of the ruling had not the court so charged as an ultimate conclusion. If there was error, the court corrected it. In the present case, however, the testimony to which objection was made went far beyond what had been given in evidence without objection. No testimony had been received, either of paresis, paralysis, or disease of the liver, prior to the objections which were interposed. Consequently the ruling was clearly erroneous.

For these reasons, we think the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

O'BRIEN and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. I concur in the result of this opinion. It seems to me that an error in the admission of the testimony is in no way cured by a direction to the jury to disregard it, when the court comes to charge them. The jury have a right to consider all the evidence which is in the case, and the only way in which they can be deprived of that right is to strike such evidence from the record. Their oath requires them to find a verdict according to the evidence, and that means the evidence which is before them, and which is contained in the record; and this right cannot be taken away from them by direction to disregard certain evidence, without striking it from the record. It seems to me that this rule has been so repeatedly recognized since the case of Erben v. Lorillard, 19 N. Y. 299, that it has become almost a maxim of the law.