LYDIA A. SEALEY, Respondent, *v.* METROPOLITAN STREET RAILWAY COMPANY, Appellant.

*Action for personal injury — proof of dementia is not admissible under a complaint alleging that the plaintiff was " greatly shocked."*

Under a complaint in an action to recover damages for personal injuries which alleges that the plaintiff " was thrown down and was severely injured *in her person*. That her skull was fractured and she was severely wounded, bruised and contused in various parts *of her person*, received severe internal injuries and was greatly shocked, and sustained injuries, as she verily believes, of a permanent character, and of an exceedingly painful nature, and that by reason of said injuries she has been, as she verily believes, forever incapacitated from attending to her duties and earning any wages and supporting herself as she was in the habit of doing at the time she received such injuries," evidence that the plaintiff, as a result of the accident, was suffering from a form of insanity known as dementia, is not admissible.

APPEAL by the defendant, the Metropolitan Street Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 20th day of February, 1902, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 26th day of February, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Brown* and *Henry A. Robinson* [*Theodore H. Lord* with them on the brief], for the appellant.

*Abram H. Dailey* [*James D. Bell* with him on the brief], for the respondent.

HIRSCHBERG, J. :

The question which has been chiefly argued upon this appeal relates to the damages which are recoverable under the allegations of the complaint. The plaintiff sues to recover damages for personal injuries alleged to have been received in consequence of the defendant's negligence, and resulting from being struck and knocked down by one of its cars. She was permitted to prove under objection that she was suffering from the form of insanity known as dementia, and the jury was instructed that she was entitled to be compensated for her demented condition or loss of mind, provided it resulted from the accident. There was no exception to this portion of the charge, nor was the question raised as to the sufficiency of the complaint as a basis for the proof at the time the evidence was given to the effect that the plaintiff had become permanently demented. But the learned counsel for the defendant did distinctly raise the question when proof was first offered designed to establish the existence of mental disturbance, that such a claim was not within the scope of the pleading, and an exception was then taken to the ruling of the court that the complaint was broad enough to cover such an injury. Unless, therefore, this ruling was correct, the case must be tried again.

The language of the complaint is that at the time and place of the occurrence the plaintiff was struck by the car, " by means of which she was thrown down and was severely injured *in her person.* That her skull was fractured and she was severely wounded, bruised and contused in various parts *of her person*, received severe internal injuries and was greatly shocked, and sustained injuries, as she verily believes, of a permanent character, and of an exceedingly painful nature, and that by reason of said injuries she has been, as she verily believes, forever incapacitated from attending to her duties and earning any wages and supporting herself as she was in the habit of doing at the time she received such injuries."

In all this there is no expression to be found of mental injury excepting the statement that the plaintiff was greatly shocked. The injuries referred to are, on the contrary, expressly stated to have been to her "person." There is certainly no explicit allegation of injury to the mind, or other injury (beyond the exception noted), than bodily injury. There was no proof tending to establish that the plaintiff's mental infirmity necessarily resulted from the accident or from the injuries which she then received. Indeed, it could hardly be claimed that insanity was a necessary result of the injuries which are specifically set forth in the complaint, and the rule seems to be well settled that special damages, that is, damages which are the natural but not necessary result of the injury complained of, must be specifically alleged. (5 Ency. of Pl. & Pr. 719.) The recent decision in *Kleiner* v. *Third Avenue R. R. Co.* (162 N. Y. 193) seems quite in point. There the averment was that the plaintiff had sustained a "severe nervous shock," and it was held that the allegation was insufficient to justify her in proving that the result of that shock was to produce heart disease, vertigo, curvature of the spine and other diseases, it not appearing that such consequences necessarily and immediately resulted from the shock. The complaint in that case was as broad as in the case at bar in the general allegation of permanent injuries in addition to the statement of several specific injuries, thereby limiting the permanent injuries to the specific ones previously alleged, and distinguishing the case from *Ehrgott* v. *Mayor* (96 N. Y. 264). The court said (p. 201) : "It was, however, proved that all the maladies from which she suffered were due to the severe nervous shock which she sustained, and that they resulted therefrom. That she sustained a severe nervous shock was averred, so that the precise question presented here is whether the allegation in the complaint, that she sustained a severe nervous shock, was sufficient to justify her in proving that the result of that shock was to produce heart disease, vertigo, curvature of the spine and the other diseases from which she was shown to have been suffering. While in this case it was unnecessary to allege specific damages in order to maintain the action, still, to recover damages that did not necessarily and immediately flow from the injury, they should have been alleged. The proof in this case does not show that the diseases mentioned

necessarily and immediately flowed from a severe nervous shock. The obvious reason for the rule, requiring special allegations of special damages, is to apprise a defendant of any injury claimed to have been sustained which did not necessarily arise from the accident, so as to enable the party to prepare to properly litigate the question upon the trial, or to at least ascertain the facts as far as possible."

The case of *Ehrgott* v. *Mayor* (*supra*), relied on by the respondent's counsel, was distinguished in *Uransky* v. *D. D., E. B. & B. R. R. Co.* (118 N. Y. 304) in that the question was not therein raised of "the right to recover damages, which the law does not presume to be the *immediate and natural consequences* of the injury in the absence of a special averment of such damages." (P. 308.)

This court has gone far in following the *Ehrgott* case by permitting proof of specific bodily injuries under averments of a general character. (See *Quirk* v. *Siegel-Cooper Co.*, 43 App. Div. 464; *Mullady* v. *Brooklyn Heights R. R. Co.*, 65 id. 549; *Dixson* v. *Brooklyn Heights R. R. Co.*, 68 id. 302, 304.) No case, however, has been found and attention has been called to none which either expressly or in principle permits proof of mental derangement under the allegations of the complaint herein. On the other hand, the cases of *Geoghegan* v. *Third Avenue R. R. Co.* (51 App. Div. 369); *Ackman* v. *Third Avenue R. R. Co.* (52 id. 483); *Jones* v. *Niagara Junction R. Co.* (63 id. 607); *Lewin* v. *Lehigh Valley R. R. Co.* (66 id. 409); *Reed* v. *Metropolitan Street R. Co.* (69 id. 103), and doubtless others of like character, are clearly opposed to the contention of the respondent. Two of these cases are especially controlling. In the *Ackman* case it was held that a recovery could not be had for "hystero epilepsy" under an allegation of a complaint that the plaintiff had received "a wound at the right upper angle of the forehead, also a fracture of the skull, concussion of the brain and a fracture of the nasal bone, all of which gave him severe bodily pain and shock to his physical and mental system," it appearing that hystero epilepsy is not the necessary and immediate result of such injuries. In the *Reed* case a bill of particulars had been served in which the plaintiff alleged in apt language that her nervous system was permanently shocked and

impaired, rendering her unfit for her duties and for the proper and usual discharge of ordinary acts and functions, yet the court held that proof could not be permitted of mental paresis.

There are other assignments of error which have been considered, but as there must be a new trial for the reason stated, a detailed discussion of other grounds is unnecessary.

The judgment and order should be reversed.

Goodrich, P. J., Bartlett, Woodward and Jenks, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.