---

(100 App. Div. 226)

## WOOD v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. January 18, 1905.)

1. AMENDING COMPLAINT—CONDITIONS.

Before the assessment of damages pursuant to a judgment absolute entered by the Court of Appeals on affirming a judgment granting plaintiff a new trial in an action for personal injuries, plaintiff moved to amend his complaint so as to allege greater injury and consequent damages. *Held*, that under Code Civ. Proc. § 723, authorizing amendments at any stage of the action on such terms as may be deemed just, plaintiff could so amend his complaint on condition that all proceedings after service of the original complaint, including defendant's stipulation for judgment absolute, be set aside.

Appeal from Special Term, Steuben County.

Action for personal injuries by William P. Wood against the New York Central & Hudson River Railroad Company. From an order denying a motion to amend the complaint, plaintiff appeals. Reversed on condition.

See 82 N. Y. Supp. 160; 90 N. Y. Supp. 1118.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Francis E. Wood, for appellant.

John B. Stanchfield and Frederick Collin, for respondent.

WILLIAMS, J.　The order should be reversed, without costs, and motion granted, upon the condition hereafter provided, or, if conditions are not complied with, the order should be affirmed, with $10 costs and disbursements.

The action was to recover damages for personal injuries to plaintiff, alleged to have resulted from defendant's negligence. The case was tried, and the court granted a nonsuit. An appeal was taken, and the Appellate Division reversed the trial court, and ordered a new trial. The defendant appealed to the Court of Appeals, and gave the usual stipulation for judgment absolute. The Court of Appeals affirmed the decision of the Appellate Division, and ordered judgment absolute upon the stipulation. Thereupon there was an attempt to assess the damages before a jury at Trial Term. A question was raised as to the sufficiency of the complaint to enable plaintiff to prove his real condition resulting from the injuries received by him, and then the motion to amend was made, and resulted in the order from which this appeal is taken. When the original complaint was served about the 1st of June, 1902, the only injuries to the lungs apparent were a rupture and a hemorrhage therefrom, and these injuries were likely to prove permanent, and only these things were alleged. Tuberculosis was first discovered to be present as a result of the injuries late in July, 1902. The trial took place in November, 1902, and the plaintiff was then confined to his bed, suffering from tuberculosis. Upon the trial, plaintiff, without objection as to the sufficiency of the complaint, gave evidence of tuberculosis as a result of the injuries. No evidence was given by the defendant. The nonsuit was granted at the close of the plaintiff's evidence. In November, 1903, while preparing for the new trial directed by the Appellate Division, plaintiff's counsel concluded it would be well to have the complaint amended so as to allege tuberculosis as a result of the injuries, in view of some authorities to which his attention was called. Accordingly he prepared and served motion papers for November 9, 1903. After the service of these papers and before the hearing of the motion the notice of appeal to the Court of Appeals was served and the stipulation given, and then on the hearing the court made an order denying the motion to amend without prejudice to the right of the plaintiff to make the motion in the Court of Appeals, or, if that court should affirm the case without such amendment, then in the Supreme Court on the assessment of damages. The motion was not made in the Court of Appeals. The affirmance by that court was made in August, 1904, and in November of that year the assessment of damages was entered upon, and then the defendant first objected to the sufficiency of the complaint.

It is well settled that the effect of the entry of a judgment absolute in accordance with a stipulation is the same as if plaintiff's entire cause of action had been admitted and default had occurred, and the sole question left is the amount of the damages sustained by the plaintiff (Bossout v. R. W. & O. R. R. Co., 131 N. Y. 37, 29 N. E. 753), and that the judgment absolute is not based upon any determination

of the issues of fact by the court, but upon the agreement of the defendant embodied in the stipulation. Roberts v. Baumgarten, 126 N. Y. 336, 27 N. E. 470. The stipulation is given upon the assumption that the damages will be confined within the allegations of the complaint as they exist at the time the stipulation is made. Lewin v. Lehigh V. R. R. Co., 66 App. Div. 409, 72 N. Y. Supp. 881. It would seem, therefore, that any change made in the allegations of the complaint so as to allege greater injuries and consequent damages would release the defendant from the agreement contained in the stipulation, and could only be made upon the condition that the defendant be relieved therefrom, and the judgment absolute based thereon be vacated and set aside. The power of the court to amend pleadings is very extensive under the Code of Civil Procedure (section 723):

"The court may upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any * * * pleading, * * * by inserting an allegation material to the case," etc.

And we are not willing to hold that the power does not extend to the granting of the amendment asked for here, after judgment absolute upon the stipulation. The stipulation and judgment are provided for by the provisions of the Code of Civil Procedure, and the agreement contained in the stipulation is made with full knowledge of this other provision with reference to amendments contained in the same Code. Allowing the amendment would therefore be no violation of defendant's rights, provided it is relieved from the stipulation, and the judgment absolute based thereon, and such other terms are imposed as are just.

The plaintiff's counsel strenuously insists that the amendment should be made nunc pro tunc as of the time of the trial without disturbing the stipulation and judgment, or the imposition of any other terms whatever, upon the theory that the parties, by the course of that trial, and upon both appeals thereafter, agreed upon the trial of the issue as to injuries and damages in accordance with the allegations of the proposed amended complaint, and did not confine the proofs to the allegation in the complaint as it then existed. There is reason for this contention, and this course is frequently followed on appeal where there is a finding of fact to be sustained. In such case the court amends the complaint nunc pro tunc to conform the allegations thereof to the proofs given on the trial without objection. We are unable to see, however, how we can apply such a principle here. The contention of the defendant was that there was no basis in the evidence for a right to recover any damages whatever, and the nonsuit was granted upon that ground at the close of the plaintiff's evidence.

The extent of the injuries and the consequent damages was not involved in the nonsuit or the two appeals thereafter prosecuted, and there are no proofs to conform the pleadings to here. It seems to us that the amendment asked for could only be granted upon condition that all proceedings after service of the original complaint be set aside, that the plaintiff be required to serve his amended complaint and defendant have leave to answer it, and that plaintiff pay all costs incurred from the time of the service of the original complaint. The rule as

to what costs should be allowed upon an amendment of pleadings after an appeal and decision by appellate courts is well settled.   See Northam v. Dutchess County M. I. Co. (Sup.) 88 N. Y. Supp. 1110.   If the plaintiff desires to amend upon these terms, he should be permitted to do so.

The decision is that the order appealed from be reversed, without costs, and the motion granted, upon condition that the plaintiff stipulate that all proceedings in the action subsequent to the service of the original complaint be vacated and set aside, and pay defendant all costs and disbursements incurred in the action since the service of such complaint; that the amended complaint be served and stipulation given and costs paid within 30 days after taxation of such costs, after service of a copy of the order herein with notice of entry thereof, and $10 costs of the motion.   In case these conditions are not complied with, the order appealed from is affirmed, with $10 costs and disbursements. All concur.