Vol. 30.
App. Div.
30 66
f47 108
47 109

FRANCISKA PRUSSAK, Respondent, *v.* JOHN HUTTON, THE LAFLIN & RAND POWDER COMPANY and G. CLARK VAN DEUSEN, as Survivor of JAMES L. VAN DEUSEN, CATHARINE E. VAN DEUSEN and G. CLARK VAN DEUSEN, Composing the Firm of VAN DEUSEN BROTHERS, Appellants.

*Nuisance — accident resulting from the explosion of a powder magazine during a thunder storm — liability of parties maintaining the building.*

Where the owner of a powder magazine leases it to a powder manufacturing company for the storage of powder, and the latter consigns the powder to a firm which keeps the keys of the magazine, sells the powder on commission, and authorizes its storage in, and delivery from, the magazine, all of the parties named must be considered as participating in the maintenance of the magazine, and in an action brought by a person living some 300 or 400 feet therefrom, who was injured by an explosion of the magazine occurring during a thunder storm, they are liable for such injuries under a charge of the court that, if it was a fact that the magazine was exploded by lightning, that would constitute no defense to the action, if the jury found that the maintenance in that place of the magazine was a nuisance.

APPEAL by the defendants, John Hutton and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Ulster on the 6th day of October, 1897, upon the verdict of a jury for $200, and also from an order entered in said clerk's office on the 6th day of October, 1897, denying the defendants' motion for a new trial made upon the minutes.

*Howard Chipp* and *Charles W. Walton,* for the appellants.

*Charles Irwin,* for respondent.

MERWIN, J.:

The recovery in this case is for personal injuries sustained by the plaintiff in consequence of the explosion on the 5th of July, 1893, of a powder house or magazine situated within the limits of the city of Kingston and owned by the defendant Hutton, and leased by him to the defendant The Laflin & Rand Powder Company, and used, as it is claimed, by or for the benefit of the firm of Van Deusen Brothers, of whom the other defendant Van Deusen is the survivor.

The trial court held that upon the undisputed facts all the defendants were liable in case the powder house was a nuisance; and the question whether or not it was a nuisance was submitted to the jury, together with the question of the amount of damages in case they found there was a nuisance.

The principles laid down in the case of *Heeg* v. *Licht* (80 N. Y. 579) justified, we think, the submission of the case to the jury.

The main question here is whether the trial court erred in holding that all the defendants were liable in the event of a finding of the existence of a nuisance.

The magazine was built by Hutton in 1878 on a lot then and still owned by him. It was built for the purpose of storage of powder, and from the time it was built it was used right along. On August 13, 1891, Hutton leased the lot and magazine to the Laflin & Rand Powder Company for the term of five years at an annual rent. It was the expectation of both parties that the magazine would be used for the storage of powder. The rent was paid up to the time of the explosion. The lessee was engaged in the manufacture of powder at its mills in the town of Esopus. It sold powder to the Schaghticoke Powder Company, and, by the direction of the latter company, it delivered the powder to Van Deusen Brothers, who kept a drug store in the city of Kingston. They gave receipts for the powder as it was brought to their store by the teams of the Laflin & Rand Powder Company. The Van Deusens kept the keys of the magazine, and as the powder was brought to their store they would send a man along with the keys or give the keys to the drivers, and the powder would then be deposited in the magazine. This method of deposit or storage was with the knowledge and consent of the Laflin & Rand Powder Company. The Van Deusens received the powder for the purpose of sale on commission for the Schaghticoke Company. As they made sales they took the powder from the magazine and delivered it to the purchasers. · The average amount on hand in the powder house was forty or fifty kegs. At the end of every month the Van Deusens rendered to the Schaghticoke Company an account of what they sold, receiving their commissions thereon.

Clearly all of the defendants participated in the maintenance of the powder house, and the trial court did not, we think, err in holding them all liable. (Wood Nuis. [3d ed.] §§ 31, 73, 142, 832,

875; *Pickard* v. *Collins*, 23 Barb. 454; *Chenango Bridge Co.* v. *Lewis*, 63 id. 115; *Irvine* v. *Wood*, 51 N. Y. 228; *Ahern* v. *Steele*, 115 id. 218; *McAndrews* v. *Collerd*, 13 Vroom [N. J.], 189; *Comminge* v. *Stevenson*, 76 Tex. 642; 16 Am. & Eng. Ency. of Law, 981.)

The dwelling house, in which the plaintiff and her husband lived, and where the plaintiff received her injury, was 300 or 400 feet from the powder house, and was built before the powder house, but the plaintiff did not occupy it till afterward.

It is suggested that the plaintiff assumed the risk of any explosion. We think not. (*Campbell* v. *Seaman*, 63 N. Y. 568; *Brady* v. *Weeks*, 3 Barb. 157; Wood on Nuis. § 76.)

The explosion occurred during a thunder storm. A witness living in that vicinity testified that there was a heavy thunder storm; that he saw the lightning come down, and then heard the explosion.

The court charged the jury that if it was a fact that the magazine was exploded by lightning, that would constitute no defense to the action if they found that the maintenance of the magazine in that place was a nuisance.

This is claimed to be error. We think not. The injury was caused by the explosion. The defendants, at least, were not free from fault which co-operated to produce the result. (1 Am. & Eng. Ency. of Law [2d ed.], 595.)

We have examined the other questions presented, but find no good ground for reversal.

All concurred.

Judgment and order affirmed, with costs.