(47 App. Div. 107.)

CIBULSKI v. HUTTON et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

1. Injury—Pleading—Special Damages—Evidence.

Where the plaintiff was injured by the explosion of a powder house, 250 feet from where she lived, evidence that she had become hard of hearing in one ear since the injury was admissible, under a complaint alleging that she received great and permanent injury, and was made sick, sore, lame, and disabled, and continues so, though it did not specify deafness as one of her injuries.

2. Same—Co-Defendants—Joint Liability—Instructions.

Where there was no difference in defendants' legal liability, and the only issue was whether their powder house was a nuisance, a refusal to charge that the jury might find for the defendants, or any one of them, was not error.

3. Same—Nuisance—Illustration.

It was not error in charging the jury to state to them, by way of illustrating the court's definition of a "nuisance," that a powder house located near the court house would be a nuisance, and that one located in a wilderness would not be a nuisance, where they were also told that the illustration was extreme.

4. Same—Evidence.

Where the issue was whether a powder house in a city was a nuisance in the neighborhood in which it was located, it was proper to exclude evidence showing the condition as to buildings and occupancy of other localities in the city.

5. Same.

Where the issue was whether a powder house was a nuisance, it was proper to exclude evidence that gunpowder was a necessity in conducting the chief industries in the city where it was located.

6. Trial—Instructions—Credibility of Witnesses.

Refusal to charge that, if the plaintiff or any of her witnesses had knowingly testified falsely to any material matter, the jury might disregard their entire evidence, and a charge in lieu thereof that the entire evidence must be considered and weighed by the jury according to their best judgment, was reversible error, where there was evidence that the plaintiff and her husband had knowingly testified falsely as to the extent of her injuries.

Appeal from trial term, Ulster county.

Action by Anna Cibulski against John Hutton and others. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

Howard Chipp and A. T. Clearwater, for appellants.
Charles Irwin, for respondent.

LANDON, J. The recovery was upon account of personal injuries sustained by the plaintiff from an explosion of a powder mill or magazine. In Prussak v. Hutton, 30 App. Div. 66, 51 N. Y. Supp. 761, we sustained a recovery against these defendants in favor of the plaintiff in that case for personal injuries caused by the same explosion. The recovery was not placed upon the ground of the defendants' negligence, but upon evidence sufficient to support the finding of the jury that the powder mill, in the place where it was situate, with reference to the dwelling in which the plaintiff in that case was injured, was a nuisance. The house in that case was 300 or 400 feet from the powder mill. In this case, the house in which the plaintiff lived and was sitting at the time of the explosion was 250 feet distant from the powder mill. The judgment in this case should be affirmed for the reasons stated in the Prussak Case, unless some error assigned by the appellants requires a reversal.

1. In response to the question of her counsel as to the plaintiff's health since the explosion, she answered, "Ailing ever since; kind of hard of hearing in one ear;" to which the defendants objected, and moved to strike out her testimony as to her hardness of hearing. The court overruled the objection, and denied the motion. The complaint alleged that by the explosion the plaintiff "received great and permanent injury, and was made sick, sore, lame, and disabled for a long period of time," and continues so, but without specifying deafness as one of her injuries. Special damages which, although a natural result of an injury, are not the necessary result, ought to be pleaded, and deafness has been placed in this class. Hergert v. Railway Co., 25 App. Div. 218, 49 N. Y. Supp. 307; Stevens v. Rodger, 25 Hun, 54. We are inclined, however, to think that, in the case of an explosion like the one before us, near to the person injured, it is a fair question of fact for the jury whether some deafness might not be such a natural and expected, and therefore necessary, result of the violent shock as to make the evidence of it, under a complaint like this, no surprise to the defendants, or to justify the amendment of the complaint, and thus make the evidence admissible.

2. The defendants requested the court to charge "that the jury may find in favor of the defendants, or in favor of any one of the defendants." In view of our decision in the Prussak Case, upon substantially the same acts of the defendants in maintaining the powder mill as are here presented, the liability of each defendant depended upon the question whether the powder mill, as placed and

operated, was a nuisance. That each one of the defendants contributed to that maintenance was not contested, and therefore there was no difference in their legal liability, and no reason why the jury should be told that they might favor one and hold the others. If the jury should find that there was no nuisance, then they should find in favor of all the defendants. The counsel for defendants insist that this refusal was equivalent to a charge that the jury must find against all the defendants. The court said, in response to the request, "I will charge them that; I decline to charge only in connection with what I have already charged." The court had distinctly charged, "If you find that this powder magazine, in the locality in which it was kept, was not a nuisance, then your verdict will be for the defendants." We do not think the jury could have understood that they must find against the defendants.

3. We do not think the court erred in pointing out, by way of illustrating his definition of a "nuisance," a place near the court house where a powder house would be a nuisance, and a place in the wilderness of the town of Hardenberg, in Ulster county, where it would not be a nuisance. The court stated that the illustration was extreme, and hence the jury could not infer that the only place where a powder house would not be a nuisance must be like the wilderness of Hardenberg.

4. The defendants were permitted to testify to the condition as to buildings and occupancy of the neighborhood where the powder mill was located, but were not permitted to compare it with other designated portions of the city of Kingston. We think this was right.

5. There was no error in excluding evidence that gunpowder was a necessity in conducting some of the principal industries in the city of Kingston. The jury knew as much, and the court told them that it was a lawful essential in many industries.

6. The defendants asked the court to charge "that, if the plaintiff or any of her witnesses have knowingly testified falsely in any material matter, this jury may disregard their entire evidence." The court: "I decline to charge that as a proposition of law. They may take into consideration the entire testimony given by the plaintiff and her witnesses as well as other witnesses." The defendants excepted, and renewed the request as to the plaintiff alone. The court: "The jury must take into consideration the entire testimony given and received here; and weigh it according to their best judgment." Defendants excepted. If the court had charged as requested, we should sustain the charge. Moett v. People, 85 N. Y. 373; Deering v. Metcalf, 74 N. Y. 501; Peyser v. Railroad Co., 81 Hun, 70, 30 N. Y. Supp. 610; Posthoff v. Schreiber, 47 Hun, 593. The request was relevant to the plaintiff's testimony. She had testified: "I was laid up with those injuries for six weeks. It was about twelve weeks before I was able to do my regular work. Six weeks I was lying in bed, steady." On the other hand, one witness testified to seeing the plaintiff "out by the door" within a week after the explosion; another, to seeing her "on the street two or three times within a week of the explosion"; another, to seeing "her right along afterwards, day in and day out, passing his house and

walking in the street." Two other witnesses gave similar testimony. The plaintiff's testimony as to the attendance upon her by two physicians was contradicted. The testimony of the plaintiff's husband as to the extent of the plaintiff's injuries was also contradicted. The whole of this class of testimony was material upon the question of damages. It was important to know whether the plaintiff told the truth when she testified that she was "lying in bed steady for six weeks." If not, it was fair to argue that she knew it. The error in the refusal to charge, and in the charge as made without the qualification requested, cannot be disregarded.

Judgment reversed, new trial granted, costs to abide the event. All concur.