### CRONIN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 17, 1903.)

1. STREET RAILWAYS—CROSSING COLLISION—EVIDENCE—QUESTION FOR JURY.

In an action against a street railroad for injuries, plaintiff testified that as he started to drive across the street he looked and saw an approaching car a block away; that as he drove on the track he saw the car 25 feet away, and tried to hurry, but the rear wheels of the wagon were struck. The evidence upon the part of the defendant tended to establish that the plaintiff drove directly in front of the car in such close proximity to it that the motorman was unable to stop, and that the horse was struck by the fender just as it entered on the crossing. *Held*, that there was a case for the jury.

2. SAME—INJURIES—PLEADING—EVIDENCE.

In an action for injuries, evidence of injuries to plaintiff's ribs is inadmissible where not pleaded.

8. SAME—ABSENCE OF ALLEGATION—WAIVER.

In an action for injuries the complaint did not allege injuries to plaintiff's ribs, and he testified he knew his ribs were broken because of certain symptoms, which he described, and which might not have indicated broken ribs, and a physician testified that a tumor in plaintiff's side might have been caused by a broken rib. *Held*, that the latter testimony should have been excluded on defendant's objection, since plaintiff's testimony had not established the injury claimed.

Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by John Cronin against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Arthur Ofner, for appellant.
Julius H. Cohn, for respondent.

HATCH, J. This action was brought to recover damages sustained through the alleged negligence of the defendant, its servants and employés. Upon the 16th day of June, 1898, at about 5 o'clock p. m., as plaintiff was driving east through Seventy-Ninth street, he was struck by one of the defendant's north-bound cars while attempting to cross Madison avenue. The plaintiff testified that he was driving at a slow trot, with the horse under full control; that as he reached the corner of Madison avenue he looked south, and saw the

north-bound car approaching at about the north side of the crossing of the block below; a south car passed in front of him, and he drove directly behind this car; as he drove onto the track, he saw the north bound car about 25 feet away from him; he attempted to hurry across, but the car struck the rear wheels of the wagon; he was thrown violently to the ground, and received the injuries complained of.

The proof was quite conflicting. The evidence upon the part of the defendant tended to establish that the plaintiff drove directly in front of the car, in such close proximity to it that the motorman was unable to stop the same, and that the horse was struck by the fender of the car just as it entered upon the crossing. It is not necessary now to determine whether the verdict of the jury should be set aside, as being against the weight of evidence. Upon the testimony as given a case was presented which required its submission to the jury, and, as we conclude that the judgment must be reversed for error committed upon the trial, it is not necessary to further discuss the evidence or its effect. The plaintiff testified without objection as follows:

"I could tell that my ribs were broken by the feeling of my left side; feeling that I couldn't stoop at all on it. There was and is a bunch there outside the ribs. It felt sore ever since it happened. I cannot lie on it at night. If I touched it it felt sore. I cannot lay on it. It was tender to the touch."

He further testified that he had trouble in breathing. Every time he drew a breath, for a while after the accident, it would catch him—pinch; that he could not stoop over with it, and had dizziness and pain in his head. Thereafter plaintiff called Dr. Richardson, who had examined him some time in January or February, 1902, which was the first time the witness saw the plaintiff, and this was over three years after the occurrence of the accident. The plaintiff then complained of constant headache, dizziness in stooping, confusion of ideas, and deafness, and was easy of irritation. This the doctor ascribed as resulting from the injuries to the head. He was then asked: "Q. Will you state the symptoms of a fracture to the ribs—two or three ribs on the side?" This was objected to as not pleaded. The objection was overruled, to which defendant took an exception, and the doctor testified that the symptoms of a fractured rib would be tenderness on pressure over the site of the fracture; pain on a full inspiration or by deep breathing, and possibly a cough. Thereupon the defendant moved to strike out the testimony upon the same ground, which motion was denied, and an exception taken. The physician then testified: "I examined his ribs at the time I examined him—three months ago, about." The physician was unable to testify as matter of fact that the ribs had been fractured, but gave evidence tending to account for the existence of a tumor then in plaintiff's side, the effect of which was to show that such tumor might have been produced by a spiculæ, or small portions of the bone, which had broken out. It is evident from the testimony of the physician that he was unable to determine whether the ribs had been broken or not; the effect of his testimony upon such question being to show what the symptoms of a broken rib were, and to that extent to corroborate the plaintiff in his statement that he knew his ribs were broken, and also to account for the existence of the tumor. At the close of the

81 N.Y.S.—48

proof the defendant moved to strike out all of the testimony as to the existence of the tumor on the ground that it was unconnected with the accident. This motion was granted by the court, and the plaintiff took no exception thereto. The defendant at the same time asked the court to strike out the evidence relating to the fracture of the ribs of the plaintiff upon the ground that Dr. Richardson did not discover any fracture of the ribs, as the tumor was over the site where the claimed fracture would exist, and that it was too conjectural to warrant the submission of any such question to the jury. We are of opinion that the objection interposed to the testimony given by the physician as to the fracture of the ribs should have been sustained, and that the testimony relating thereto should have been stricken out.

The complaint did not aver any injury to the ribs as furnishing a basis for an award of damages; consequently testimony tending to establish such injury as a basis of recovery was inadmissible. Geoghegan v. Third Ave. R. R. Co., 51 App. Div. 369, 64 N. Y. Supp. 630. If the injury to the ribs had been conclusively established by the testimony of the plaintiff, or if it was otherwise conceded in the case, then it would not have been error to have received the testimony of the physician, for the reason that, such injury being conceded, the testimony was competent, and only inadmissible because not pleaded, and error could not be predicated of its reception after the fact had been established without objection. Jones v. Niagara Jnct. R. Co., 63 App. Div. 607, 71 N. Y. Supp. 647. This rule, however, cannot be applied to this case, for the reason that the testimony of the plaintiff did not establish that his ribs were broken. His testimony was that he knew his ribs were broken from certain symptoms, which he proceeded to describe. These symptoms might or might not have indicated broken ribs. Some of them were connected with the injury to the head, and, taking into consideration everything bearing thereon to which the plaintiff testified, it was quite uncertain whether the injury to the ribs was established by his testimony. In addition to this, the credibility of his statements was for the jury, so that at the time when the objection was interposed to the physician's testimony it was neither conceded nor established that the plaintiff's ribs were broken as a result of the accident. As a consequence an entirely different question was presented from that which occupied the attention of the court in the case last cited; for therein the specific injury had been conclusively established and was in no wise disputed, either at the time when the testimony was offered to which the objection was taken, or at any other time. Here, before such injury was established, the plaintiff interposed the objection. We think it was error to overrule it. When all evidence as to the existence of the tumor was stricken from the case, the evidence of the physician upon the question as to whether the ribs were broken was purely conjectural, and the evidence in that connection should have been stricken out.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur. LAUGHLIN, J., concurs in result. PATTERSON, J., dissents.