to the time the award was paid. The views already expressed show that this claim is erroneous in so far as it would give the relator interest upon the interest computed and awarded by the commissioners from the date of their report until it was confirmed. The interest thus erroneously claimed is included in the amount for which a peremptory writ of mandamus is demanded, and therefore the writ was properly denied, notwithstanding that the relator may have a valid claim for some balance of interest, because in mandamus proceedings there must be a precise demand, and for the relief to which the petitioner is entitled, and the court is justified in denying the application if the petitioner has not a clear legal right to the precise relief for which he prays.

I am also of opinion that the relator's right to interest after the confirmation of the report of the commissioners is not governed by the charter provisions, and that under the well-settled rules applicable to municipal corporations interest would not run on the award until the making of a demand therefor. The report of the commissioners was confirmed on the 17th day of April, 1901, and no demand was made until three days thereafter. I think that during this time interest did not run. The demand made on the 20th day of April was erroneous in that it demanded the compound interest already stated, and to which, I think, the relator was not entitled. Were it not for the decision of this court in Carpenter v. City of New York, 44 App. Div. 230, 60 N. Y. Supp. 633, I would be inclined to hold that interest should run from the date of this demand, because the property owner then appeared and manifested a desire to receive and a willingness to accept her award; and, even though he computed and claimed interest on an erroneous basis, I should think the city, in order to stop interest running upon the award, was called upon to tender the amount to which she was legally entitled. However, in view of that decision, which I think is not distinguishable on principle from this, and should therefore be followed, it would seem that the demand was ineffectual to set interest running, and the relator, upon my view of the law, was not entitled to any interest after the confirmation of the report. On the 17th day of July, 1901, the relator received from the comptroller the amount of the award, less the interest added by the commissioners, and interest thereon from the time the title vested until the date of the confirmation of the report. This was the full amount to which she was entitled. The denial of the writ may also be sustained, therefore, upon the ground that no part of the claim is meritorious.

I therefore vote for affirmance.

---

(92 App. Div. 112.)

## LOCKWOOD v. TROY CITY RY. CO.

(Supreme Court, Appellate Division, Third Department. March 2, 1904.)

1. PERSONAL INJURIES—COMPLAINT—EVIDENCE—ADMISSIBILITY.

Testimony that plaintiff was suffering from kidney disease, resulting from his injuries, is inadmissible under a complaint alleging that plaintiff was thrown from his wagon to the floor of a bridge, thereby "breaking his ribs, spraining his ankle, and injuring his back and right hip, and

thereby made him sick, sore, lame, and disabled, * * * causing him to suffer pain of body and mind, and caused him permanent injury," there being no proof that the kidney disease was necessarily and directly caused by the injuries specified.

2. STREET RAILROADS—COLLISION—NEGLIGENCE—REASONABLE CARE.

Where, in an action against a street railway company for injuries sustained to a traveler in a collision with a street car, plaintiff's counsel, in summing up to the jury, claimed that, as the accident happened on a narrow bridge, defendant was bound to exercise an extraordinary degree of care in operating its cars thereon, defendant was entitled to an instruction distinctly stating that defendant's only duty was the exercise of the reasonable care which a reasonably prudent man would exercise under the circumstances.

Appeal from Trial Term, Rensselaer County.

Action by Martin Lockwood against the Troy City Railway Company. From a judgment for plaintiff, and from an order denying a motion for a new trial, and from an order granting plaintiff an extra allowance of costs, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

William J. Roche, for appellant.
J. K. Long, for respondent.

CHESTER, J. The action is for personal injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendant in operating one of its electric cars on a bridge over the Mohawk river at Ontario street in the city of Cohoes. The plaintiff has procured a judgment, and the defendant appeals.

With reference to the injuries sued for it is alleged in the complaint as follows:

"Said plaintiff was knocked and thrown from his wagon to the ground and floor of said bridge, and thereby severely injuring the said plaintiff, breaking his ribs, spraining his ankle, and injuring his back and right hip, and thereby made him sick, sore, lame, and disabled for a long time, and prevented him from attending to his business, causing him to suffer great pain of body and mind, and caused him permanent injury and disability, and exposed him to still greater and further injury; and he has been and will be put to great trouble and expense in doctoring and trying to be cured of his said injuries."

Upon the trial the plaintiff was allowed to prove, over the defendant's objection and exception, that the plaintiff had kidney disease, and that his physician had treated him therefor, and he sought to show, over a like objection and exception, that this disease resulted from the plaintiff's injuries. One of the objections to the testimony was that it was not within the pleadings, and that the defendant was not, therefore, apprised of plaintiff's claim for injury for that reason. This was a valid objection, and should have been sustained. Kidney disease was not in any wise specified in the complaint among the injuries alleged to have been received by the plaintiff. While one of the plaintiff's physicians testified that trouble with the kidneys or kidney disease might possibly result or arise from injuries to the back,

the proof does not show that such disease was necessarily and directly caused by the injuries to plaintiff's back, and therefore, if caused by the accident, it constituted special damages which should have been specifically alleged by the plaintiff if he sought to recover damages therefor, and, he not having so alleged it, it was error to receive the evidence. Kleiner v. Third Avenue R. R. Co., 162 N. Y. 193, 56 N. E. 497; Gumb v. Twenty-Third St. R. Co., 114 N. Y. 411, 21 N. E. 993.

The case is unlike that of Ehrgott v. The Mayor, etc., 96 N. Y. 264, 48 Am. Rep. 622, cited by the plaintiff. There the allegation was that the plaintiff had suffered "great bodily injury; that he became, and still continues to be, sick, sore, and disabled,  *  *  *  and that he was otherwise injured"; and the court held that these allegations were sufficient to authorize proof of any bodily injury resulting from the accident, and that, if the defendant desired that they be more definite, it could have moved to have them made more specific, or for a bill of particulars.

The judgment will have to be reversed for another reason. The bridge in question, where the accident happened, was an unusually narrow one, and left only a small margin of space upon the south side of the track, where plaintiff was driving, for his wagon to pass the defendant's car, which was approaching from the other direction. In so passing, his horse became fractious, and there was a collision between the car and his wagon, throwing him to the floor of the bridge and injuring him. After the conclusion of the principal charge of the court to the jury, the defendant's counsel, Mr. Roche, said: "In view of the statement of the plaintiff's counsel to the jury in the summing up, that the defendant was bound to exercise an extraordinary degree of care in operating this car upon the bridge, I ask you to charge the jury that, when the defendant's motorman was on the bridge in the operation of the car, the only duty and obligation resting upon him to avoid injury to the plaintiff was the exercise of the reasonable care which a reasonably prudent man would exercise under the circumstances." The Court: "Well, yes, but it should be greater than it would be in a safer place. The narrowness of the passage placed a duty upon the motorman to exercise greater care and caution than he would if the passageway had been wider." Mr. Roche: "I except to the charge and to the modification. I ask you, however, to say that, while the duty and obligation must be proportioned to the surrounding circumstances, the defendant's motorman was not bound to exercise an extraordinary degree of care in the operation of the car." The Court: "I decline so to charge." Defendant excepted.

Notwithstanding the court said, "Well, yes," to the request as first made, the modification of the request, followed so closely by his denial of the request to charge that the motorman was not bound to exercise extraordinary care, may well have left the jury where they believed that the court viewed the situation as one requiring just that degree of care on the part of the motorman. While the court was right in saying that the motorman was required to exercise greater care and caution than he would if the passage had been wider, yet, in

view of the fact stated in the request, as to the statement of plaintiff's counsel in his summing up to the jury, where he wrongly stated the law to them, the defendant was entitled to have that remedied by a clear and correct statement of the law in that respect, and under the circumstances it was entitled to the specific charge contained in the request—that the defendant's motorman was not bound to exercise an extraordinary degree of care in the operation of the car—as that stated the law correctly. The degree of care which the motorman was bound to exercise was ordinary care, only, under the circumstances which confronted him, and not an extraordinary degree of care. This principle is elementary, and does not require the citation of authority in support thereof, and the failure of the court to make this plain to the jury, and the refusal to charge the defendant's request in this respect, require a new trial. The cases brought by passengers on railways, where the doctrine of extraordinary care has been applied, have no application to the case presented here.

Many other alleged errors upon the trial are urged by the appellant in support of its appeal, but we think it unnecessary to consider them, as, under the light of the discussion which has been had concerning them upon this appeal, the same situation may not be presented upon another trial.

For the errors pointed out, the judgment and orders appealed from must be reversed, with costs to the appellant to abide the event, and a new trial granted. All concur.