creditor was free to use the check on account, and that the debtor, by his silence, must be deemed to have acquiesced in the proposed limited application of it. Here, however, the fact was distinctly stated in the letter that the check was tendered in full satisfaction of the claim, and no reply was invited. On the contrary, the plaintiff was informed that, if the check was not satisfactory as a payment in full, he could at once sue upon his claim, and that the defendant's attorneys would accept service of process. The alternative presented was the acceptance of the check in full as a satisfactory remittance upon that condition, or the commencement of a lawsuit to test the plaintiff's right to the full amount claimed, in the event that he was unwilling to accept the smaller sum, coupled with the assurance that the determination of the issue would be expedited by the defendant's voluntary appearance in the action. By using the check under such circumstances, without protest or objection, the plaintiff must be deemed to have elected to accept the amount tendered upon the condition which accompanied it; and he could not years afterwards maintain an action upon the demand which such acceptance served to extinguish, under all the authorities. Even assuming—although, of course, we do not so decide—that he might at the time of the remittance have used the check, and also have sued at once for the balance claimed, good faith, at least, required such prompt action; and the long delay might very well be regarded as the additional manifestation of intention to accept the check in full payment, and not to sue, and therefore as sufficient in itself to establish such a meeting of the minds of the parties on the question of an accord and satisfaction as would necessarily operate to defeat a right of recovery so long subsequently asserted.

The dismissal of the complaint upon the merits was fully justified by the undisputed proof, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

(98 App. Div. 130)

### WILKINS v. NASSAU NEWSPAPER DELIVERY EXP. CO.

(Supreme Court, Appellate Division, First Department. November 25, 1904.)

1. DAMAGES—PERSONAL INJURIES—SPECIFIC DISEASES—PLEADING.

    In an action for injuries, where a distinct disease has developed from the injury, which may, but does not always, result from like injuries, it is incumbent on plaintiff, if he wishes to recover therefor, to specially allege the same.

2. SAME.

    In an action for personal injuries, an allegation that plaintiff's nervous system has received a severe shock, from which she suffers great pain, is not sufficiently broad to embrace locomotor ataxia, which resulted from the shock, unless that result was inevitable.

3. TRIAL—MOTIONS TO STRIKE—TIME OF MAKING.

    In an action for injuries, where plaintiff claimed on the trial, but did not plead, damages for locomotor ataxia, resulting from the injuries, and the evidence showed that the disease resulted from the injuries, but was not their necessary result, a motion to strike out the evi-

---

¶ 3. See Trial, vol. 46, Cent. Dig. § 245.

dence as to locomotor ataxia on the ground that it could not be considered under the pleadings, although not made until the close of the testimony, was timely.

Patterson, J., dissenting.

Appeal from Trial Term, New York County.

Action by Elizabeth Wilkins against the Nassau Newspaper Delivery Express Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Frank Verner Johnson, for appellant.

Dudley R. Horton, for respondent.

LAUGHLIN, J.   The plaintiff has recovered a verdict of $3,500 for personal injuries sustained through the negligence of the defendant. Upon the evidence the plaintiff's freedom from contributory negligence and the defendant's negligence were questions for the jury. An exception to certain items of evidence relating to the question of damages requires a new trial. The plaintiff was struck and run over by a truck which was being backed by hand down an incline over a sidewalk along which she was passing. She alleged, concerning her injuries, that she was thrown to the sidewalk; that the wheels of the truck passed over her, "whereby she sustained many contusions of the body and limbs, was made sick and sore, and her nervous system received a severe shock from all of which she suffered and still suffers great pain and agony, was taken to a hospital, where she still remains"; and upon information and belief alleges "that it will be a long time before she will be, if, indeed, she is ever, able to carry on her occupation, which is that of a nurse." She further alleges upon information and belief that she will from time to time require the services of a physician, and "that the injuries above set forth will be whole or in part permanent." No bill of particulars of the injuries appears to have been demanded or given.

A physician, who examined the plaintiff about two weeks before the trial, called in her own behalf, was asked whether her powers of locomotion were impaired. Counsel for the defendant objected as immaterial, incompetent, and irrelevant unless it was connected with the injuries to which the doctor has testified. The court ruled that the physician might have stated whether her locomotion was impaired as a result of the injuries he found upon her, and the witness answered that her locomotion was impaired as a result of the injuries she received. Counsel for the defendant then moved to strike out the evidence upon the ground, among others, that it was not within the issues. The motion was denied, and the defendant excepted. The witness then, in answer to a further question as to how her locomotion was impaired, said, "By virtue of locomotor ataxia, which she has developed," which he said resulted from the injuries, and disabled her from walking with any degree of certainty without the assistance of another person or a cane. At the close of the evidence counsel for the defendant moved to strike this evidence out upon the ground, among others, that it could not be considered an element of damage under the pleadings. The motion was

denied and the defendant excepted. The court allowed the jury to determine if the plaintiff had locomotor ataxia as a result of the injuries, and, if they found in the affirmative, to award damages therefor. The verdict borders on excessiveness. With the exception of the locomotor ataxia, the injuries sustained by the plaintiff were comparatively slight, and there was a speedy recovery. There was a sharp conflict in the medical testimony as to whether locomotor ataxia could result from such injury. It is a distinct disease, and while, if the testimony of the plaintiff's physician is to be accepted, it did result from the injuries, and may, therefore, be said to be the natural result, it would not ordinarily have resulted therefrom, and was not, therefore, the necessary and immediate result. As I understand the rule, where, as here, a distinct disease develops from the injury which may, but does not always, result from like injuries, it is incumbent on the plaintiff, if he wishes to recover therefor, to specially allege the same. Kleiner v. Third Ave. R. Co., 162 N. Y. 193, 56 N. E. 497; Uransky v. D. D., E. B. & B. R. Co., 118 N. Y. 304, 23 N. E. 451, 16 Am. St. Rep. 759; Gumb v. 23d St. Ry. Co., 114 N. Y. 411, 21 N. E. 993; Ramson v. Met. St. Ry. Co., 78 App. Div. 107, 79 N. Y. Supp. 588, affirmed 177 N. Y. 578, 69 N. E. 1129; Ackman v. Third Ave. R. Co., 52 App. Div. 483, 65 N. Y. Supp. 97.

This case is distinguishable from Ehrgott v. Mayor, etc., 96 N. Y. 264, 48 Am. Rep. 622, where the allegations of the complaint were quite general. Here the allegations of the complaint are specific as to the injuries. The only allegation that may be said to be at all general is that her nervous system received a severe shock, from which she still suffers great pain and agony. Manifestly, these allegations do not embrace a disease which resulted from the shock, unless that result would be inevitable, which the evidence does not show.

The defendant's motion to strike out the evidence at the close of the testimony was timely made. Until the plaintiff's evidence, at least, was all in, it could not be known but that it would be shown that locomotor ataxia would naturally and necessarily result from such a shock to the nervous system.

It follows, therefore, that the court erred in denying the motion to strike out the evidence, and the judgment and order should be reversed, and new trial ordered, with costs to appellant to abide the event. All concur, except PATTERSON, J., who dissents.