JOHNSON v. CITY OF TROY.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

1. DAMAGES—PERSONAL INJURIES—SUFFERING RESULTING FROM INJURIES—EVIDENCE—ADMISSIBILITY.

Where the complaint in an action for personal injuries alleged that plaintiff was injured in his back, head, and side, causing him to be made sick, sore, and lame, and the proof showed that he received an injury to the right side of his abdomen, and that there was a contusion and inflammation there, due to the accident, evidence that from four to six weeks after the accident he had an operation for appendicitis was inadmissible, in the absence of proof that the appendicitis was necessarily and directly caused by the injuries.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 441, 478.]

2. SAME.

To justify damages for a condition that did not necessarily and directly result from a personal injury received, such damages should be specially pleaded.

Appeal from Trial Term, Rensselaer County.

Action by Charles Johnson against the city of Troy. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

G. B. Wellington, for appellant.
Thomas F. Powers, for respondent.

CHESTER, J. The plaintiff has had a verdict in his favor in an action for personal injury. In his complaint it is alleged that while he was riding in an ice wagon drawn by two horses upon Seventh avenue, in Troy, the pavement suddenly gave way, and he, together with his horses and wagon, were precipitated into a ditch or depres-

sion, "thereby hurting, bruising, wounding, and injuring this plaintiff in his back, head, and side, causing him to be made sick, sore, and lame, and to be permanently disabled." The plaintiff, under this allegation, was permitted to prove, against the defendant's objection that it was not within the allegations of the complaint, that from four to six weeks after the accident he went to a hospital and had an operation performed on him for appendicitis. The defendant excepted.

In Lockwood v. Troy City Railway Company, 92 App. Div. 112, 87 N. Y. Supp. 311, it was held, under an allegation that the plaintiff had by being thrown from his wagon received injuries to his hip and his back, and had been thereby made sick, sore, lame, and disabled, that he could not prove that he was suffering from kidney disease as a result of the accident; it not appearing that such disease was necessarily and directly caused by the injury to the plaintiff's back.

In Gumb v. Twenty-Third Ry. Co., 114 N. Y. 411, 21 N. E. 993, it was said:

"When a plaintiff alleges that his person has been injured, and proves the allegation, the law implies damages, and he may recover such as necessarily and immediately flow from the injury (which are called 'general damages') under a general allegation that damages were sustained; but, if he seeks to recover damages for consequences which do not necessarily and immediately flow from the injury (which are called 'special damages'), he must allege the special damage which he seeks to recover."

In Kleiner v. Third Avenue Railroad Company, 162 N. Y. 193, 56 N. E. 497, it was held that an allegation that plaintiff had sustained a severe nervous shock was insufficient to justify her in proving that the result of the shock was to produce heart disease, vertigo, curvature of the spine, and other diseases, it not appearing that such consequences necessarily and immediately resulted from the shock, as the rule is that special damages must be specially alleged, and the reception of evidence of such resultant injuries, properly excepted to, is reversible error.

We think the case presented for our determination is brought squarely within these authorities. While the plaintiff's counsel assured the court, when the evidence objected to was received, that he would connect it, and while it was shown that the plaintiff received an injury to his groin or the right side of his abdomen, and that there was a contusion and inflammation there, which the physician who attended and operated upon him testified he was reasonably certain was due to the accident, there was a complete failure of proof to show that the appendicitis for which the plaintiff was operated upon was necessarily and directly caused by the injuries which the plaintiff received. In order to justify the recovery of damages for a condition that did not necessarily and directly result from the injury received, such damages should have been specially pleaded, in order that the defendant might have notice thereof, and an opportunity to properly litigate the question on the trial. Kleiner Case, supra. We think, for these reasons, there must be a new trial.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.