JOHN KEEFE, Respondent, *v.* BENJAMIN F. LEE et al., Appellants.

Trial — pleadings — a party must be held to the allegations of his pleadings, or to facts necessarily, naturally and ordinarily resulting therefrom — damages — in action for negligence plaintiff cannot recover damages for injuries not alleged, or resulting from injuries alleged.

Where one alleges and proves that he has been injured in his person the law implies that damages result from such injury, and he may recover such damages as necessarily, usually and immediately flow therefrom, under a general allegation in the complaint that damages have been sustained by him by reason of such injury. If a defendant desires to be further informed of the specific claim under such general allegations he may, through a bill of particulars or an order to make more definite and certain, obtain a statement in greater detail of the claim of his opponent.

A party to an action has a right to rely upon the court at Trial Term holding his opponent to the allegations of his pleading, or to facts necessarily, naturally and ordinarily resulting from the facts alleged, and where the damages, although the natural consequences of the act complained of, are not the necessary result of it, they are termed special damages and must be particularly specified in the complaint or a plaintiff will not be permitted to give evidence of them at the trial.

In an action to recover damages for personal injuries inflicted by a vicious horse the complaint alleges, among other things, that the horse struck plaintiff "upon the head, breaking his skull, tearing the skin and scalp therefrom," and further that by such attack the plaintiff was seriously and permanently injured through his head, skull, eyes and bruises to his right leg and body. The complaint does not, directly or indirectly, allege that plaintiff's deafness is the result of his injuries;

deafness is not a necessary, natural or ordinary result of the injuries alleged nor are there general words in the complaint which will permit evidence thereof. *Held*, error to admit evidence on the trial that plaintiff's hearing was permanently injured and that such impaired hearing was caused by said injuries. (*Kleiner* v. *Third Ave. R. R. Co.*, 162 N. Y. 193, followed; *Ehrgott* v. *Mayor, etc., of N. Y.*, 96 N. Y. 264, limited.) *Keefe* v. *Lee*, 125 App. Div. 903, reversed.

(Argued November 15, 1909; decided December 17, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 15, 1908, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Ceylon H. Lewis* and *Will B. Crowley* for appellants. Evidence of the physician, Dr. Andrews, regarding the deafness of the plaintiff, and that his hearing is permanently impaired as a result of the injury, was improperly received, not having been alleged in the complaint as a ground for damages. (1 Chitty on Pl. [6th Am. ed.] 441; *Squier* v. *Gould*, 14 Wend. 159; 2 Sutherland on Damages, 1161; *Maloney* v. *Dows*, 15 How. Pr. 265; *Uertz* v. *S. Mfg. Co.*, 35 Hun, 117; *Kleiner* v. *T. A. R. R. Co.*, 162 N. Y. 200; *Piltz* v. *Y. R. R. Co.*, 83 App. Div. 30; *Geoghegan* v. *T. A. R. R. Co.*, 51 App. Div. 369; *Lewin* v. *L. V. R. R. Co.*, 66 App. Div. 409; *Hergert* v. *U. Ry. Co.*, 25 App. Div. 218; *Cibulsky* v. *Hutton*, 47 App. Div. 108; *Dittman* v. *E. E. Ill. Co.*, 87 App. Div. 68.)

*M. H. Kiley* for respondent. As a matter of pleading the complaint was sufficiently broad to admit the evidence as to deafness. (*Ehrgott* v. *Mayor, etc.*, 96 N. Y. 264; *Eichholz* v. *N. F. H. P. & M. Co.*, 68 App. Div. 441; *Lofink* v. *R. T. Co.*, 106 App. Div. 202; *Rudomin* v. *I. S. R. Co.*, 111 App. Div. 548; *Mullady* v. *B. H. R. R. Co.*, 65 App. Div. 549; *Fleming* v. *Tuttle*, 98 App. Div. 222; *Rosenbeck* v. *B. H. R. R. Co.*, 123 App. Div. 606.) The evidence of Dr. Andrews that the impaired hearing of the plaintiff was due

to ·the injury is competent, and defendant's objection was properly overruled. (*Eichholz* v. *N. F. H. P. & M. Co.*, 68 App. Div. 441; *Rudomin* v. *I. S. R. R. Co.*, 111 App. Div. 548; *Turner* v. *City of Newburgh*, 109 N. Y. 301.)

CHASE, J. This action is brought to recover damages for personal injuries inflicted by a vicious horse. It is claimed by the plaintiff that the defendants wrongfully and falsely represented to him that the horse was kind and gentle, when in truth and in fact the defendants well knew that the horse was· vicious, and that relying upon such representations he purchased such horse and cared for him, and that while caring for the horse it viciously attacked him inflicting the injuries for which this action is brought.

We think the judgment rendered in favor of the plaintiff must be reversed on account of rulings of the trial court in admitting evidence of damages claimed by the plaintiff to be a result of such injuries, but which were not alleged in the complaint.

It is only necessary to refer to the record so far as sufficient to present the question arising from such rulings. It is alleged in the complaint that "said horse did viciously attack the plaintiff, jumping upon him, kicking him in his legs and feet, striking the plaintiff upon the head, breaking his skull, tearing the skin and scalp therefrom, wounding, injuring and bruising his right leg and his body and nearly killing this plaintiff." The complaint further alleges "That the plaintiff is seriously and permanently injured through his head, skull, eyes and bruises to his right leg and body."

At the trial testimony was admitted to establish that the plaintiff's hearing was and would remain permanently impaired, and that such impaired hearing was caused by said injuries. The testimony so to establish the plaintiff's deafness was admitted subject to the defendants' objection that it had not been alleged in the complaint, and an exception was taken to the rulings of the court in admitting the evidence.

Where a person alleges and proves that he has been injured in his person the law implies that damages result from such

injury, and he may recover such damages as necessarily, usually and immediately flow therefrom, under a general allegation in the complaint that damages have been sustained by him by reason of such injury. If a defendant desires to be further informed of the specific claim under such general allegations he may, through a bill of particulars or an order to make more definite and certain, obtain a statement in greater detail of the claim of his opponent. If a person seeks to recover damages other than such as necessarily, usually and immediately flow from the injury he must allege such special damages and prove them. A complaint must give a plain and concise statement of the facts constituting the cause of action. A party to an action has a right to rely upon the court at the Trial Term holding his opponent to the allegations of his pleading or to facts necessarily, naturally and ordinarily resulting from the facts alleged. These rules are quite universal and apply to actions upon contract and for tort. They are stated by Greenleaf on Evidence (16th ed. vol. 2, sec. 254) as follows : " All damages must be the result of the injury complained of, whether it consists in the withholding of a legal right, or the breach of a duty legally due to the plaintiff. Those which necessarily result are termed *general damages*, being shown under the *ad damnum*, or general allegation of damages at the end of the declaration ; for the defendant must be presumed to be aware of the necessary consequences of his conduct, and, therefore, cannot be taken by surprise in the proof of them. Some damages are always presumed to follow from the violation of any right or duty implied by law, and, therefore, the law will in such cases award nominal damages, if none greater are proved. But where the damages though the natural consequences of the act complained of are not the necessary result of it, they are termed special damages, which the law does not imply ; and, therefore, in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration or the plaintiff will not be permitted to give evidence of them at the trial."

In the notes to such section the editor cites text books and

many American and English authorities to substantiate his statement.

The plaintiff relies upon *Ehrgott* v. *Mayor, etc., of N. Y.* (96 N. Y. 264). In that case the complaint was very general in form. The complaint alleged that the plaintiff suffered great bodily injury ; that he became, and still continues, to be sick, sore and disabled ; that he was prevented for a long time from attending to his business, and that he was otherwise greatly injured. It was held that under the complaint evidence was admissible which tended to show that he had a disease of the spine of a permanent nature as a result of his injuries, and referring to the complaint the court say : " These allegations are sufficient to authorize proof of any bodily injury resulting from the accident, and if the defendant desired that they should be more definite he could have moved to have them made more specific or for a bill of particulars." The other cases relied upon by the respondent are cases where the complaint is so general that it has been held, following the *Ehrgott* case, to permit proof of any bodily injuries resulting from the accident. The question as to what proof should be allowed under a complaint somewhat general in form was again considered by this court in *Kleiner* v. *Third Avenue R. R. Co.* (162 N. Y. 193), in which case the *Ehrgott* case was considered and distinguished from the case then under consideration. In the *Kleiner* case the complaint alleged that the plaintiff received severe and painful contusions to her head, body, and arms, and lacerated her scalp whereby she sustained severe nervous shock and concussion of the brain and injured her eyesight and she was for a time rendered unconscious and thereby sustained permanent injuries and was injured for life. It was held that the allegations of the complaint were not sufficient to permit the plaintiff to prove that the result of the injuries was to produce heart disease, vertigo, curvature of the spine and other diseases, it not appearing that such consequences necessarily and immediately resulted from the shock. The effect of the *Kleiner* case is to materially restrict the asserted right to

prove special damages under a complaint containing general words alleging permanent injuries and nervous shock, and it confines the *Ehrgott* case as a precedent to the language used in the complaint in that case. The *Kleiner* case must be followed by this court as it has been quite generally by the courts of this state in all cases where the complaint is the same or is governed by the same rules as the one in that case. (*Briggs* v. *N. Y. C. & H. R. R. R. Co.*, 177 N. Y. 59; *Brown* v. *Manhattan R. Co.*, 105 App. Div. 395; *Lockwood* v. *Troy City R. Co.*, 92 App. Div. 112; *Piltz* v. *Yonkers R. R. Co.*, 83 App. Div. 29; *Dittman* v. *Edison El. Ill. Co.*, 87 App. Div. 68; *Bopp* v. *N. Y. Elec. Vehicle Tr. Co.*, 78 App. Div. 337; *Cibulski* v. *Hutton*, 47 App. Div. 107; *Geoghegan* v. *Third Avenue R. R. Co.*, 51 App. Div. 369; *Kappus* v. *Met. Street R. Co.*, 82 App. Div. 13; *Sealey* v. *Met. Street R. Co.*, 78 App. Div. 530; *Page* v. *President, etc., D. & H. C. Co.*, 76 App. Div. 160; *Reed* v. *Met. Str. R. Co.*, 69 App. Div. 103; *Lewin* v. *Lehigh Valley R. R. Co.*, 66 App. Div. 409; *Wilkins* v. *Nassau Newspaper Del. Express Co.*, 98 App. Div. 130; *Johnson* v. *City of Troy*, 124 App. Div. 29; *Cronin* v. *Met. Street R. Co.*, 82 App. Div. 227; *Ackman* v. *Third Ave. R. R. Co.*, 52 App. Div. 483; *Ramson* v. *Met. Street R. Co.*, 78 App. Div. 101.)

The complaint in this case does not directly or indirectly allege that plaintiff's deafness is the result of his injuries. Deafness is not a necessary, natural or ordinary result of the injuries alleged in the complaint. (*Stevens* v. *Rodger*, 25 Hun, 54; *Hergert* v. *Union Ry. Co.*, 25 App. Div. 218; *Piltz* v. *Yonkers R. R. Co.*, *supra*; *Cibulski* v. *Hutton*, *supra*; *Geoghegan* v. *Third Avenue R. R. Co.*, *supra*; *Brown* v. *Manhattan Railway Co.*, *supra*; *Lockwood* v. *Troy City R. Co.*, *supra*.) There are no general words in the complaint under consideration to permit of proof of any bodily injury resulting from the accident as in the *Ehrgott* case, and plaintiff's deafness should have been alleged in the complaint, and it not having been alleged, it was error to receive testimony relating to it.

Where a plaintiff attempts by his complaint to specify particular damages which he claims to have suffered, he thereby, at least to some extent, negatives any claim for damages other than those which he has specified. In saying that he was "seriously and permanently injured through his head, skull, eyes, and bruises to his right leg and body" he did not thereby include injury to the organs of hearing, but rather confined his specification to general injuries to his head and skull and eyes.

As the skull and eyes are parts of the head it will be presumed that so far as the plaintiff intended to particularize in regard to the injuries to the head, he intended to confine his statement of injuries to the parts named and that his claim of deafness arising from his injuries was an afterthought.

The testimony relating to the plaintiff's deafness is of such importance that it will be presumed to have affected the jury in arriving at its verdict.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J. (dissenting). I dissent from the decision about to be made. That the plaintiff was entitled to recover compensation for injury to his hearing, if such were the fact, is unquestioned, and that the evidence received was competent to prove the fact is also unquestioned. If there was error in admitting the evidence it was simply because the plaintiff had failed to allege in his complaint that the injury he had received had affected his hearing. As to this proposition even it seems to be the law that had the plaintiff confined himself to allegations of general injury the evidence would have been competent (*Ehrgott* v. *Mayor, etc., of N. Y.,* 96 N. Y. 264), but because he, to a certain extent, specialized the results of his injury, to wit, "kicking him in his legs and feet, striking the plaintiff upon his head, breaking his skull, tearing the skin and scalp therefrom, wounding, injuring and bruising his right leg and body, and nearly killing this plaintiff," not mentioning any affection of the hearing, it is

insisted that the evidence was incompetent, and reliance is placed on our decision in *Kleiner* v. *Third Avenue Railroad Company* (162 N. Y. 193) to support the contention. I think that case can be distinguished from the one now before us so far the general principle is involved, though I shall allude to but one detail. There the defendant's counsel insisted that he was surprised by the proof that the plaintiff was suffering, as a result of the accident, from a disease in no way disclosed by the complaint and asked to have a juror withdrawn and the case go over to another term, which was refused. In the present case there is no pretense of surprise on the part of the defendants. On the contrary, their counsel, in answer to a remark by the court, " There is no question about the pleadings?" answered, "I presume he has got it in the pleadings." Thereafter, on examining the complaint, he discovered it contained no allegation of this fact, whereupon he renewed his objection, which, being overruled, he took an exception. It is very plain, therefore, there was no surprise in this case.

If, however, it were conceded that under strict rules the plaintiff should have alleged injury to his hearing, the error is not sufficient to justify a reversal of the judgment. Contrary to the generally prevailing popular belief this court, in its decisions, constantly ignores technical errors not affecting the substantial rights of the parties, often far more serious than that in this case. That this error was trivial is apparent. The verdict was small. On a reversal of this judgment the plaintiff can be allowed to amend his complaint so as to state that the injury had made him deaf, and if he proves the fact will be entitled to recover therefor. The only effect of our decision will be to protract the litigation and entail additional expense on both the parties and the public.

GRAY, HAIGHT and WERNER, JJ., concur with CHASE, J. ; EDWARD T. BARTLETT and WILLARD BARTLETT, JJ., concur with CULLEN, Ch. J.

Judgment reversed, etc.