■ EDNA S. DOWSEY, Respondent, v. JAMES L. DOWSEY, III, et al., Appellants.— In a habeas corpus proceeding with respect to custody of a child, the appeal is from a judgment of the Supreme Court, Nassau County, entered June 15, 1973, which sustained the writ, awarded custody of the child to petitioner and directed that a warrant of attachment issue against appellants. Judgment affirmed, with $20 costs and disbursements. No opinion. Gulotta, P. J., Benjamin and Munder, JJ., concur; Martuscello and Latham, JJ., concur in the affirmance as to appellant Dowsey, but otherwise dissent and vote to reverse as to appellant Ennis and to dismiss the petition as to her, on the ground that she has no such custody or control of the child as would enable her to obey an order to produce the child.

■ BENJAMIN EVANS, Respondent, v. CITY OF NEW YORK, Appellant-Respondent; ADVANCE BRICK AND SAND CORP., Appellant, et al., Defendants.— In a negligence action to recover damages for personal injuries, defendant Advance Brick and Sand Corp. appeals, as limited by its brief, from so much of an amended judgment of the Supreme Court, Kings County, entered May 29, 1973, as is in favor of defendant the City of New York on its cross claim against said defendant Advance Brick and Sand Corp. (The city also appealed, but as appears by its letter to this court dated October 3, 1973 it has abandoned its appeal.) Amended judgment reversed insofar as appealed from, on the law and the facts and in the interests of justice, and new trial granted on the cross claim of defendant the City of New York against defendant Advance Brick and Sand Corp., with costs to abide the event, and cross claim is severed from the main action. In our opinion, there was insufficient proof to sustain the award in favor of the city on its cross claim against appellant. However, under the circumstances presented, we are hereby furnishing the city the opportunity to proceed further on its cross claim to show a special use (*Berg v. City of New York*, 42 A D 2d 770), if it be so advised. The city was misled by the bill of particulars served upon it as to the location of the accident. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Munder, JJ., concur. [72 Misc 2d 216.]

■ JUNE FORSTER, Respondent-Appellant, v. RONALD FORSTER, Appellant-Respondent.— In an action in which a judgment of the Supreme Court, Westchester County, dated April 6, 1970, was entered, granting plaintiff a divorce and an award of $450 per week for her and the parties' two children's support, (1) defendant appeals, as limited by his brief, from so much of an order of the same court dated September 26, 1972 as, after a hearing upon his motion, based upon plaintiff's having remarried, to fix an amount to be paid for the children's support, directed him to pay $75 per week for the support of each of the children and $1,500 as plaintiff's counsel fee; and (2) plaintiff cross-appeals from so much of said order as determined that no arrears in the support payments are owing to plaintiff under any order of the Supreme Court for any time prior to June 1, 1972. Order affirmed, without costs. In our opinion, the amount of the counsel fee to be paid by defendant was correctly fixed at $1,500. Of that amount, one third, or $500, should be used to reimburse plaintiff for what she paid her attorneys. We also note that the order appealed from did not discharge any obligations imposed by, or any arrears due under, a prior order or judgment of the Family Court, if any and if unpaid. Such Family Court order or judgment is not before us on this appeal. Gulotta, P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.